ROTHROCK ET AL. *v.* CARR ET AL.

BOARD OF COMMISSIONERS.—*Powers.*—*Appropriation.*—*Common Schools.*—*Injunction.*—A county board has no authority to make an appropriation of any sum, out of the general fund of their county, for the erection of a school building; and, if made, its payment may be enjoined, in an action for that purpose, by a taxpayer of such county.

SAME.—*Statute Construed.*—*Discretionary Allowance.*—Section 7 of the act of May 27th, 1852, "to authorize and limit allowances," etc., (1 R. S. 1876, p. 63) does not authorize county boards to "make allowances at their discretion" for purposes unauthorized by law.

From the Carroll Circuit Court.

*A. W. Reynolds* and *D. Turpie,* for appellants.

*J. A. Stein,* for appellees.

BIDDLE, J.—On the 12th day of March, 1870, the board of commissioners of White county made the following order:

"That an appropriation of twelve thousand five hundred dollars be and is hereby made to the school trustees of Monticello, to be expended upon the new school building; and the county auditor is hereby authorized to issue orders upon the county treasurer, in sums of twenty-five, fifty and one hundred dollars. Two thousand dollars payable at sight, four thousand dollars payable in six months after date, three thousand two hundred and fifty dollars due twelve months after date, and three thousand two hundred and fifty dollars due eighteen months after date, without interest,—all of which is finally ordered."

Forgus Alkire and John P. Carr brought this action to enjoin the issue and payment of said county orders, alleging that they were and are citizens and taxpayers of White county. A temporary restraining order was allowed by the court. An answer of general denial and five special paragraphs was filed to the complaint. Demurrers, alleging as ground the insufficiency of the facts stated, to each of the special paragraphs were sustained,

and exceptions taken. The venue was changed to the Carroll circuit court, wherein a trial by the court was had, on the issue of general denial, and the facts alleged in the complaint found to be true. Over a motion for a new trial, and exceptions, the court made the injunction perpetual. Appeal.

The counsel for appellants rightly put the main' question in the case:

"Whether the board of commissioners had the authority, under the law, to make the allowance which they did in aid of the erection of the school building?"

And they attempt to justify the action of the board under section 7, 1 R. S. 1876, p. 63, which enacts as follows:

"The board of commissioners may make allowances at their discretion: But it is hereby declared to be their duty to avoid as much as possible the necessity for making any allowance for voluntary service, or for things voluntarily furnished, by contracts for such services or things, or by ordering the same to be rendered at stipulated prices, or by vesting the power to procure such services or things in an agent, by them nominated of record."

The words to "make allowances at their discretion," as used in the above section, mean to make allowances according to law, at their discretion. They do not mean an arbitrary, uncontrolled, unlimited discretion, contrary to law, or without authority of law; for where there is no law there is no act to do, and, therefore, no discretion to be exercised. They mean a legal discretion, not a personal discretion; for to allow the board a personal discretion would give them the power to make law. This power is confided to another branch of the government, and carefully guarded by the constitution. There are many cases wherein a board of commissioners may or may not exercise a lawful authority, according to their discretion; and many cases wherein, having lawful au-

thority to do an act, they may do it at this or that time, or in this or that manner, according to their discretion; but there is no case wherein they may, at their discretion, do an act which is not authorized by law. We are not aware of any law authorizing a board of commissioners to donate funds to be expended upon a school building, out of the general funds in the county treasury. Similar questions have often been before us. In the case of *Warren County Agricultural Joint Stock Co.* v. *Barr, ante*, p. 30, at the present term, the principle was fully considered.

The order of the board of commissioners was without authority and void.

The judgment is affirmed, with costs.