The City of Fort Wayne *v.* Lehr.

----◆----

No. 10,448.

THE CITY OF FORT WAYNE *v.* LEHR.

CITY.—*Collection of Taxes.—City Treasurer.—Powers of Common Council.—Contract Ultra Vires.*—Under sections 3085, 3087, *et seq.*, R. S. 1881, of the general law for the incorporation of cities, the city treasurer of an incorporated city is alone empowered to enforce the collection of city taxes, delinquent, current and unpaid ; and any contract, made by the city or its common council, with any person other than such city treasurer, for the collection of any city taxes, is *ultra vires* and absolutely void.

From the Superior Court of Allen County.

*H. Colerick*, for appellant.

HOWK, J.—The questions for the decision of this court, in this case, may be thus stated :   Does either paragraph of the appellee's complaint state facts sufficient to withstand the ap-

pellant's demurrer thereto for the want of facts, or to support the judgment below in appellee's favor and against the appellant?

The appellee's complaint contained two paragraphs. In the first paragraph he alleged, in substance, that the appellant was indebted to him in the sum of five hundred dollars, for work and labor done and performed by him for the appellant, at its instance and request, a bill of particulars of which was filed with, and made part of, such paragraph, all of which sum of money remained due and unpaid. Wherefore, etc.

In his bill of particulars the appellee stated, in substance, that the appellant was indebted to him for services from November, 1880, to May, 1881, in collecting $26,780 of delinquent and unpaid taxes, at ten per cent., as per agreement, $267.80.

In the second paragraph of his complaint the appellee said that the city treasurer made a communication to the appellant and its common council, in which he informed them that there was a large amount of taxes delinquent and owing to the appellant; that the communication was referred to the committee of the common council on finance, assessments and taxes, consisting of councilmen Montgomery Hamilton, Charles F. Muhler and Christopher Hettler, who were authorized to act in such matter, and employ some person to act as deputy-collector of said taxes, and to make such agreement as to compensation as they saw fit; that such committee and councilmen requested the appellee to so act; that thereupon the committee and councilmen, on the part of appellant, and the appellee entered into a contract, by which the appellee was to collect such unpaid and delinquent taxes, and was to receive, in compensation for his services in that behalf, a sum equal to ten per centum of the amount so collected by him; that, in pursuance of such contract, the appellee entered upon and performed said services; that the appellant and its councilmen knew that said services were being performed; that as such collector, and by reason of such contract, the appel-

lee collected the sum of $26,780, and that appellant was indebted to appellee in the sum of $267.80, which remains unpaid. Wherefore, etc.

The appellant's counsel insists in argument that the appellee has not stated facts sufficient, in either paragraph of his complaint, to constitute a cause of action, "because the appellant possessed no power to contract with the appellee for the performance of duties enjoined by law upon the city treasurer, to collect delinquent taxes on the duplicate, and pay him fees therefor, to which the city treasurer was entitled, and because such a contract or agreement was *ultra vires.*" It must be assumed, the contrary not appearing, that the appellant was and is incorporated under the general law of the State, in force at the time, providing for the incorporation of cities. *City of Brazil* v. *McBride,* 69 Ind. 244. In section 3043, R. S. 1881, provision is made for the election of a city treasurer, and that he, "with the consent of the common council, may appoint one or more deputies when necessary." So, again, in section 3098, R. S. 1881, it is provided in effect that the common council may authorize the city treasurer "to appoint, with the concurrence of the common council, one or more deputies." In sections 3085 and 3087, R. S. 1881, it is made the duty of the city treasurer to collect the city taxes, delinquent, current and unpaid; and in those and the following sections such treasurer alone is clothed with the power to enforce the collection of such taxes. In the general laws of the State for the incorporation of cities we have been unable to find any provision which would authorize or empower the appellant, or its common council, to appoint, employ, contract or agree with the appellee for the collection of delinquent or unpaid city taxes, or to pay him for his services in making such collections. The appellant was not authorized by law to make the agreement with the appellee, which is the basis of the first paragraph of his complaint, nor to enter into the contract with him, which is counted upon in the second paragraph. Such agreement or contract was, we think, an

unwarranted interference on the part of the common council, or rather of its committee, with the powers and duties expressly conferred by law upon the city treasurer, and was beyond the scope of its powers in the premises. We are of opinion, therefore, that the alleged agreement or contract, on the part of the appellant with the appellee, was *ultra vires* and void. *Burnett* v. *Abbott*, 51 Ind. 254; *Rothrock* v. *Carr*, 55 Ind. 334; *Driftwood, etc., Turnpike Co.* v. *Board, etc., of Bartholomew Co.*, 72 Ind. 226; 1 Dillon Munic. Corp., sec. 381.

For the reasons given it seems to us that the court erred in overruling the appellant's demurrer to each paragraph of appellee's complaint. In our consideration and decision of this cause we have not been aided by any brief or argument by the appellee or his counsel.

The judgment is reversed with costs, and the cause is remanded with instructions to sustain the demurrer to each paragraph of the complaint.