The Board of Commissioners of Marshall County v. Johnson.

Filed Feb. 7, 1891.

---

No. 14,745.

THE BOARD OF COMMISSIONERS OF MARSHALL COUNTY
*v.* JOHNSON.

COUNTY AUDITOR.—*Fees.*—A county auditor can recover only such compensation as the statute allows him, and he is not entitled to recover compensation for duties performed by him except where the statute so provides, although the services may be regarded by him and by the board of commissioners as " extra services," entitling him to " extra " compensation.

From the Marshall Circuit Court.

*A. C. Capron* and *H. Corbin*, for appellant.

*J. D. McLaren* and *E. C. Martindale*, for appellee.

ELLIOTT, J.—We do not deem it necessary in this case to notice the questions of practice discussed by counsel, for we think it entirely clear that, upon the facts disclosed in the special finding, the judgment must be reversed.

The Board of Commissioners of Marshall County v. Johnson.

It is well settled that a county auditor can recover only such compensation as the statute allows him, and that he is not entitled to recover compensation for duties performed by him except where the statute so provides, although the services may be regarded by him and by the board of commissioners as "extra services" entitling him to "extra" compensation. We have so often discussed this general question that we decline to again discuss it. *Board, etc., v. Barnes,* 123 Ind. 403; *Williams* v. *Segur,* 106 Ind. 368; *Board, etc.,* v. *Gresham,* 101 Ind. 53; *Noble* v. *Board, etc.,* 101 Ind. 127; *Board, etc.,* v. *Harman,* 101 Ind. 551; *Wright* v. *Board, etc.,* 98 Ind. 88; *Donaldson* v. *Board, etc.,* 92 Ind. 80; *Nowles* v. *Board, etc.,* 86 Ind. 179. For many years the General Assembly has clearly and unequivocally declared its policy to be that no constructive fees shall be allowed upon any pretext to county officers, and this court has uniformly given full effect to that policy. Many of the items allowed the appellee were allowed in direct violation of the words as well as the spirit of the statute, and the finding can not possibly be sustained.

We do not enter upon any discussion of the effect of former decisions of the board of commissioners, for the reason that no such question is presented by the record. It is only proper for us now, in view of the condition in which the record comes to us, to adjudge that many of the items of the appellee's claim are illegal.

Judgment reversed, with instructions to grant a new trial, and to proceed in accordance with this opinion.

Filed Feb. 18, 1891.