No. 12,456.

. E. A. O'SULLIVAN VS. THE CITY OF NEW ORLEANS.

The city charter restricts the compensation of the city attorney to his salary and excludes the charge by him for services in a suit brought against the city to revoke a legacy for the benefit of the poor. Charter, Act No. 20 of 1882, Sec. 27.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*Farrar, Jonas & Kruttschnitt* for Plaintiff, Appellant.

*Samuel L. Gilmore* City Attorney, *W. B. Sommerville,* Assistant City Attorney, for Defendant, Appellee.

Argued and submitted April 2, 1897.
Opinion handed down April 12, 1897.

The opinion of the court was delivered by

MILLER, J.　The plaintiff appeals from the judgment dismissing his suit for a fee for professional services as attorney for the city, in a litigation in the United States Circuit Court, in which the legacy to the city for the benefit of the poor, made by the will of D. V. Sickles, was sought to be revoked by his heirs. The answer is that the plaintiff was the attorney for the city elected under the charter, and that the claim for compensation for professional services beyond his salary is excluded by the charter.

The section of the charter bearing on the controversy is as follows:

"SEC. 27. The City Attorney shall be the legal adviser of the corporation on all matters in which his advice may be necessary, and represent said corporation within the State in all judicial proceedings, suits, acts and contestations in which it may have an interest as hereinafter provided. No extra compensation or fee shall be allowed him, and no attorney shall in any case be appointed to assist him, unless by a vote of two-thirds of the members present of the council; *he shall receive a salary of three thousand five hundred dollars per year.* He shall have the appointment of all assistants or assistant counsel that the council may allow him. He shall be appointed by the council for the term of four years."

The plaintiff's services were to preserve the legacy by D. V. Sickles made to the city years ago for the benefit of the poor. The fund, increased by investments and accumulation, forms no portion of the resources of the city for the support of the municipal government. The fund has always been kept apart and distinct and the power of the city is, we think, one of administration. From this it is argued that the services for which plaintiff claims compensation, are to be deemed not within the charter provision as to his fees,

because rendered in the interest of this separate fund.  We are of the opinion, however, we are not at liberty to construe the charter in accordance with the argument urged on plaintiff's behalf.  The city, as the custodian and administrator of the fund, was sued.  It was part of the functions of the city to defend the suit, and under the charter the city was restricted for the defence to the City Attorney, made by the charter the legal adviser of the corporation, with the duty of representing it in all suits and proceedings in the State. The language embraces, in our view, all suits in the State directed against the city.  Though this suit to revoke the Sickles fund was one not affecting the *fisc* of the city, yet it was directed against the city as the custodian of a fund for the poor.  With every desire to construe the charter so as to afford compensation for useful professional services, we are led to the conclusion the charter excludes the plaintiff's demand.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.