SETH MAY

*vs.*

CITY OF AUBURN.

Androscoggin. Opinion July 9, 1914.

*City Ordinances, Chap. 10, Sec. 1. City Solicitor. Compensation. Salary. Professional Acts.*

Chap. 10, Sec. 1, of the City Ordinances of the City of Auburn, provides; "The City Solicitor shall be an Attorney and Counsellor at Law of the Courts of the State. He shall act as the legal advisor and solicitor of the City, except the special cases in which the City Council may authorize, or require, him to secure the advice or services of such additional counsel as may be deemed best, and do all professional acts incident to the office, or which may be required of him by the Mayor, City Council, or either branch thereof, as provided in Section 4 of said Chapter."

*Held:*

1. That the services for which the plaintiff claims extra compensation clearly fall within these provisions.

2. The services rendered were plainly professional in their nature; they concerned the interests of the City and were required of him by the City Council, as appears by the vote passed by said council.

3. These elements brought the work into the official sphere of the City Solicitor, as prescribed by the Ordinances, and, therefore, the person holding that office was not entitled to extra compensation therefor.

Certified by Judge of Lewiston Municipal Court on agreed statement of facts direct to the Chief Justice of the Supreme Judicial Court. Judgment for plaintiff of $20.35.

This is an action of assumpsit on an account annexed, to recover from the City of Auburn for cash disbursements and for services as City Solicitor in preparing and presenting a bill in behalf of said City to the Legislature. The case was entered in the Lewiston Municipal Court at the April Term, 1914, and on an agreed statement of facts by the parties was certified by the Judge of said Court direct to the Chief Justice of the Supreme Judicial Court, under Sec. 10 of Chap. 636 of the Private and Special Laws of 1871.

The case is stated in the opinion.

*Seth May*, pro se.

*Tascus Atwood*, City Solicitor, for defendant.

SITTING: SPEAR, CORNISH, KING, BIRD, HALEY, HANSON, JJ.

CORNISH, J. The plaintiff was City Solicitor of Auburn for the municipal year March, 1912 to March, 1913. At a legal meeting of the City Council held on January 6, 1913, it was voted that "efforts be made to secure either a general law, which would apply to all cities and towns, or a special act which will authorize our City to acquire or control private cemeteries by purchase or eminent domain and that the City Solicitor be directed to present the matter to the Legislature."

Pursuant to this vote, the plaintiff prepared a bill for the purpose and presented the matter in behalf of the City at a hearing before the Judiciary Committee of the Legislature. For this service he seeks to recover in this action the sum of $35. The defendant raises no objection to the amount of the charge if legally collectible, but contends that the services rendered were embraced in his duties as City Solicitor, for which he received a stated salary, and therefore no separate charge could be made therefor. That is the single issue involved. The other items in the account are for cash disbursements and these are not disputed. A fair and reasonable construction of the City Ordinances relating to the duties of the City Solicitor sustains the contention of the defendant. Chap. X, Sec. 1, provides: "The City Solicitor shall be an attorney and counsellor at law of the Courts of the State. He shall act as the legal adviser and solicitor of the City, except in special cases in which the City Council may authorize or require him to secure the advice or services of such additional counsel as may be deemed best."

Sec. 2. "No money shall be paid from the city treasury for any legal advice or services, except as expressly authorized by this ordinance."

Sec. 4, after reciting several duties in detail, concludes with this general and comprehensive clause: "And do all professional acts incident to the office or which may be required of him by the mayor, city council or either branch thereof, or any committee thereof, or any administrative board or officers of the city."

The services under consideration clearly fell within these provisions. The drafting of a Legislative Act authorizing a city to acquire or control private cemeteries by purchase or eminent domain, and the presentation of the matter to the Legislature, must be regarded as coming peculiarly within the term "professional acts" such as the City Solicitor is bound to perform under the ordinances. The drafting of such an act, embracing as it does the element of eminent domain, is not to be expected of a layman, as the plaintiff would seem to argue, but is a matter for the trained lawyer; and its presentation to the Legislature, or a Legislative Committee, is ordinarily committed not to the layman but to an attorney. While a layman often presents his own matters to such a committee he is rarely employed to present those of another. The services rendered were plainly professional in their nature; they concerned the interests of the city and were required of him by the City Council as appears by the vote before recited. These elements brought the work into the official sphere of the City Solicitor as prescribed by the ordinances, and therefore the person holding that office was not entitled to extra compensation therefor. *Calais* v. *Whidden*, 64 Maine, 249, cited by the plaintiff, cannot be regarded as an authority for his claim because the services rendered were of a different nature, and the case fails to show the duties of the City Solicitor as prescribed by the City Ordinances.

The vote itself, in the case at bar, emphasizes the soundness of our conclusion. The party designated to do the work was not the plaintiff in his private capacity, but the City Solicitor. If the plaintiff did not care to perform it as City Solicitor, or thought it did not come within his official duties, he might have notified the City Council of the fact at the time. Instead he accepted the task and carried it out, without any objection, so far as the evidence discloses. Both parties at that time apparently contemplated that the duty was an official one.

The ordinance expressly prohibits the expenditure of money for extra legal services unless specially provided for by the City Council, by whom such legal assistance might be authorized or required in certain cases if it were deemed best. No such authorization was had nor legal assistance contemplated in this case. The law officer of the City was requested to perform certain professional acts and he and he alone was to perform them. The services so performed came within the line of his official duties and no extra charge is allowable therefor. As the balance of the account, $20.35, is conceded to be due, the entry must be,

*Judgment for plaintiff for $20.35.*