[Civ. No. 1620.   Second Appellate District.—March 25, 1915.]

## H. F. BRIDGES, Appellant, v. CITY OF SIERRA MADRE (a Municipal Corporation), Respondent.

Public Officers—City Attorney—Municipality of Sixth Class—Compensation—Special Services.—The duties of a city attorney of a city of the sixth class are described in section 879 of the Municipal Corporations Act, wherein it is provided that his duty shall be to advise the city or town authorities and officers in all legal matters pertaining to the business of said city or town, and that he shall receive a certain specified compensation in connection with the collection of delinquent taxes and such other compensation as may be allowed by the board of trustees.

Id.—Ordinance Defining Duties and Fixing Salary—When Extra Compensation not Allowable.—Where a city attorney of a city of the sixth class accepted the office under an ordinance which fixed the "salary and compensation" at a specified sum per month and provided that such salary "shall be in full compensation for all services rendered" by the attorney, these provisions of the ordinance must be deemed to be supplementary to the statute, and must be considered as having in view not only mere advice to be given by the city attorney to the city officers, but also any other services that might be rendered by the officer in the nature of services by an attorney, and for which no extra compensation was definitely and directly agreed to be paid; and in the absence of official action of the city trustees providing for extra compensation, such attorney cannot recover for services claimed to have been out of the line of his regular employment.

Id.—Municipal Officers—Compensation—Rule of Construction.— As between a municipality and its officers, the charter defining the duties of the officers and regulating their compensation is to be construed, in case of doubt, to protect the treasury of the city, for

claims against the treasury of the city, cannot be sustained on doubtful implication; and this is emphatically true where the officer claiming the compensation is the one charged with the duty of advising the city concerning its legal obligations.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge.

The facts are stated in the opinion of the court.

F. E. Dunlap, for Appellant.

Charles C. Montgomery, City Attorney, for Respondent.

CONREY, P. J.—The defendant corporation is a city of the sixth class. On April 28, 1911, on motion duly adopted by the board of trustees, appellant was appointed attorney for the city from month to month at a salary of fifty dollars per month, beginning May 1st; and thereafter acted as city attorney pursuant to that appointment. During the period of his incumbency in that office appellant performed services in behalf of the city which he claims were outside of his duties under his general employment as city attorney and for which he demands compensation in addition to the salary provided in the order by which he was appointed. The demand is for one thousand dollars and the items of service rendered had relation to negotiations and contracts for acquiring a water system for the city; assistance rendered to special counsel in an action to condemn certain water-rights and rights of way; examinations of records for purposes connected with the foregoing matters; work done relating to the issuance of municipal bonds; and sundry smaller business, including services as attorney in certain actions of minor importance. On April 9, 1913, appellant presented to the board of trustees his demand for the amount sued on herein. Prior to that time his official relation to the city as its attorney had been terminated.

At the trial it was stipulated that ordinance No. 3 of the city of Sierra Madre, approved March 28, 1907, from which we quote herein, was in force at the time of appellant's employment as city attorney, and that no ordinance repealing said ordinance No. 3 was passed until after the services described in the complaint had been rendered; and that no

ordinance, resolution, or motion, except those which have been mentioned, was passed or adopted by the board of trustees of defendant in relation to services to be performed by the plaintiff. It was further stipulated that the services sued upon "are claimed by plaintiff to have been performed as a result of conversations between the plaintiff and three members of defendants' board of trustees"; but there is no evidence and there is no stipulation with respect to such conversations.

The case was submitted to the court upon the stipulation of facts without taking evidence as to the value of plaintiff's services, upon the understanding that if the court should determine that plaintiff was entitled to judgment in his favor, further evidence would be taken as to the value of the services; but that if the court should find that plaintiff was entitled to take nothing by his action, judgment should be entered accordingly upon the stipulation and the pleadings. Thereupon, the court rendered judgment in favor of the defendant and the plaintiff appeals therefrom.

The duties of the city attorney of a city of the sixth class are described in section 879 of the Municipal Corporations Act. It is there provided that it shall be his duty "to advise the city or town authorities and officers in all legal matters pertaining to the business of said city or town"; that he shall receive certain specified compensation in connection with the collection of delinquent taxes; and that "he shall receive such other compensation as may be allowed by the board of trustees." The ordinance above mentioned is entitled as an ordinance "defining the duties of and fixing the salaries of and the bonds to be required of certain officers of said city." Sections I, IV, and VIII of this ordinance, so far as applicable to the city attorney, are as follows:

Section I. "The duties of the . . . city attorney . . . shall be those now fixed and specified by law for the said several officers and such other and further duties as the board of trustees shall from time to time hereafter fix by ordinances."

Section IV. "The salary and compensation of the city attorney of the said city is hereby fixed at the sum of fifty ($50.00) dollars per month."

Section VIII. "The salaries hereinabove fixed shall be in full compensation for all services rendered by the respective officers hereinabove named. . . . "

It is contended on behalf of appellant that, aside from services rendered in connection with the collection of delinquent taxes, his ordinary duties as city attorney were limited by the provision that it should be the duty of the attorney to advise the city officers in legal matters pertaining to the business of the city; that for any services beyond mere advice, where such services were rendered with the knowledge and consent of the members of the board of trustees, there arose an implied obligation of the city to pay compensation in addition to the agreed salary. This contention of appellant cannot be sustained as applicable to the case before us, except upon a narrow construction of the statutory duty of the attorney to advise the city officers with respect to the legal matters pertaining to city business. When the city by its ordinance fixed the "salary and compensation" of the city attorney at a specified sum per month, and then further provided that such salary "shall be in full compensation for all services rendered" by the attorney, these provisions must be deemed to be supplementary to the statute and must be considered as having in view not only mere advice to be given by the attorney to the city officers, but also any other services that might be rendered by the officer in the nature of services by an attorney and for which no extra compensation was definitely and directly agreed to be paid. And when appellant accepted employment by the city at the agreed rate specified in the ordinance, it is reasonable to assume that he had in view these provisions of the ordinance, as well as the statute.

If appellant at the time when these services were rendered intended to claim special compensation therefor, he should have obtained from the city trustees some official action providing for the allowance of such special or extra compensation. Since there is nothing in the record stipulating or otherwise proving even an informal understanding that such compensation was to be paid, we think that upon the facts shown in this record no implied obligation has arisen and that the salary paid was, as stated in section VIII of the ordinance, "in full compensation for all services rendered" by the appellant. "As between a municipality and its officers, the charter defining the duties of the officers and regulating their compensation is to be construed, in case of doubt, to protect the treasury of the city, for claims against the treasury of the city cannot be sustained on doubtful implica-

tion." (*City of Ludlow* v. *Ritchie* (Ky.), 78 S. W. 199.)
And this is emphatically true where the officer claiming the
compensation is the one charged with the duty of advising the
city concerning its legal obligations.

The judgment is affirmed.

James, J., and Shaw, J., concurred.