## CITY OF INDIANAPOLIS *v.* LAMKIN.

[No. 9,032.   Filed May 22, 1916.]

1. MUNICIPAL CORPORATIONS.—*City Clerk.—Duties.*—Under the provisions of §§8652, 8653 Burns 1914, setting forth the official duties of a city clerk and providing that he must keep a record of the proceedings of the common council, it is held that preparing an index to such record is a duty of the city clerk incidental to his official duties as set forth in the statute; and this duty must be performed by him without special or extra compensation. p. 129.

2. PUBLIC POLICY.—*Official Duties.*—Public policy requires that courts should not indulge in refinements too nicely drawn in construing statutes prescribing official duties to the end that a particular service may be classed as extraofficial. p. 129.

3. MUNICIPAL CORPORATIONS.—*City Clerk.—Duties.*—General Ordinance No. 90 of 1911, city of Indianapolis, defining duties of city clerk, construed and held to require the clerk, as an official duty, to keep a record of the proceedings of the common council and to prepare an index to the volumes of such proceedings, for which he is not entitled to special or extra compensation. p. 131.

From Marion Superior Court; *Charles J. Orbison*, Judge.

Action by James W. Lamkin against City of Indianapolis. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*William A. Pickens, Fred E. Barrett, Paul G. Davis* and *Russel J. Ryan*, for appellant.

*Caleb S. Denny* and *George L. Denny*, for appellee.

CALDWELL, J.—Appellee brought this action to recover compensation for services alleged to have been performed by him in preparing an index of the proceedings of the common council of appellant city for the year 1913. A trial by the court resulted in a judgment for appellee for $300. The evidence at the trial consisted of an agreed statement of facts. If such facts considered as evidence are not sufficient to sustain the decision, this cause must be reversed; otherwise affirmed.

The agreed facts to the extent material are in substance as follows: For the years 1910, 1911, 1912 and 1913, Edward A. Ramsey was city clerk of appellant city; for fifteen years prior to 1910, the city clerk of appellant city was employed by the city each year to prepare an index of the proceedings of the common council, and the city paid him $300 each year for such services. In 1911, the common council by General Ordinance No. 90 adopted a rule specifying it to be the duty of the city clerk to make and keep an accurate minute and journal of the proceedings of the common council as required by the statute (§8652 Burns 1914, Acts 1905 p. 219, §50), and providing also that he should have the minutes of such proceedings printed after each meeting for the use of members of the council, and that copies thereof should be preserved on file, to be bound at the end of the year, with a proper index thereto, as the official journal of the common council. Under direction of the common council, Ramsey prepared such an index for each of the years 1910, 1911 and 1912, which having been printed was included in the bound volume for each of said years, and for his services in so doing appellant paid him $300 for each year. The minutes of the proceedings of 1913 were voluminous. Public necessity and convenience required that a suitable index be prepared, printed and bound with the volume for said year. In August, 1913, Ramsey called the attention of the city controller to such necessity, and suggested that he recommend an appropriation of $300 as a fund for indexing the council proceedings of 1913. December 1, 1913, the common council regularly passed Appropriation Ordinance No. 51, to the effect that thereby the sum of $300 was appropriated for purposes aforesaid; that

appellee was thereby employed to do the work; and that the city controller was thereby directed to draw a proper warrant therefor in favor of appellee on the completion of the work. The mayor of the city signed and approved the ordinance December 9, 1913. Some doubt having arisen respecting the validity of the ordinance, the city controller submitted the question to the city attorney, who thereupon rendered an opinion to the effect that the ordinance was invalid to the extent that it designated a particular person to receive the benefit thereof. Thereupon both Ramsey and appellee proceeded to prepare the index, each claiming that he had been employed by the city to that end. In view of the situation, the city controller notified both Ramsey and appellee by letter that he would refer the controversy to the city attorney and be guided by his opinion in making payment for such services. Ramsey, having completed his manuscript of the index, delivered it to the printing company which was under contract with the city to print and bind such proceedings of the council. The printing company, acting under instructions received from the city controller, used Ramsey's manuscript in preparing the bound volume for 1913. Appellee also delivered to the printing company a manuscript prepared by him, but it was not used. The manuscript of the index prepared by appellee and also that prepared by Ramsey were proper and accurate indexes, and the labor in preparing them was in each case reasonably worth $300. Appellee and Ramsey each filed with the proper city officers a claim for services in the sum of $300. Each claim was disallowed. Appellee and Ramsey each thereupon brought an action against the city to recover the amount of their respective claims. The actions were tried by the court at the same time

on the agreed statement of facts, the substance of which we have set out above. The decision of the court was against Ramsey in his action and in favor of appellee in the action brought by him. As indicated, this appeal involves the latter action.

In support of its appeal, the city states the following proposition: "The common council of a city in this State has no power or authority to appropriate money to pay others for services which particular officials and employes of the city are to do by law, and an ordinance which appropriates money for such a purpose is invalid." In support of such proposition appellant cites the following decisions which seem to sustain it: *Mitchell* v. *Wiles* (1877), 59 Ind. 364; *City of Ft. Wayne* v. *Lehr* (1882), 88 Ind. 62; *Rothrock* v. *Carr* (1876), 55 Ind. 334; *Driftwood Co.* v. *Bartholomew Co.* (1880), 72 Ind. 226. To such decisions the following may be added: *City of Richmond* v. *Dickerson* (1900), 155 Ind. 345, 58 N. E. 260; *State, ex rel.* v. *Goldthait* (1908), 172 Ind. 210, 87 N. E. 133, 19 Ann. Cas. 737. Appellee fully concedes that said proposition is sound, and that if it was the duty of the city clerk to prepare such index, this cause must be reversed.

It is provided by statute that "The city clerk of every city shall be the clerk of the common council. * * * He shall keep the records of the proceedings of such council, and have charge of all the papers relating to its business; shall prepare and keep an ordinance book. * * * Shall have charge of all documents and books, the keeping of which shall be entrusted to him by statute or ordinance; * * * and shall perform all other duties prescribed by law or incident to his office." §8683 Burns 1914, Acts 1905 p. 219, §81. There is a further provision that it shall be

his duty to make and keep an accurate minute and journal of the proceedings of the council, and "to perform all other duties required by such office." §8652 Burns 1914, *supra*. It is further provided that in cities of the first class, a city clerk shall receive a salary of $3000 per year, "and that such clerk shall not receive any other compensation, fee or perquisite whatever except for furnishing certified copies", etc. §8683 Burns 1914, *supra*. From such statutory provisions, it appears that the city clerk is required to reduce to writing, in the form of a minute or journal, the proceedings

1. of the common council, and also to perform all other duties incident to his office; and in addition to certain duties specifically mentioned, he must perform all other duties required by such office. If a certain service must be classed as an official duty, then the parties agree that for performing such service extra compensation can not legally be paid the incumbent of the office, and, to that end, third persons can not lawfully be employed or paid. It is not an easy problem, however, under all circumstances to determine fully what services performed in connection with a public office must be classed as "official" as the term is here used. It is plain that all duties that come within the specific or general provisions of the statute as above quoted must be classed as official. It would seem also that public policy requires that courts should not indulge in

2. refinements too nicely drawn in the construction of statutes prescribing official duties, to the end that a particular service may be classed as nonofficial or extraofficial. On this subject, the following language is used in *Evans* v. *Inhabitants of Trenton* (1853), 24 N. J. L. 764, 767: "The

statutes of the legislature and the ordinances of our municipal corporations seldom prescribe with much detail and particularity the duties annexed to public offices; and it requires but little ingenuity to run nice distinctions between what duties may and what may not be considered strictly official; and if these distinctions are much favored by courts of justice, it may lead to great abuse."

The minutes of the proceedings of the council are required to be entered and kept, and the papers and files pertaining to its business are required to be preserved, among other reasons, in order that the city officials and the public may be readily advised respecting the transactions of that particular department of the city government. It would seem to follow that a requirement that a minute or journal of the proceedings be made a matter of record, and that such papers and files be placed in a certain custody, should reasonably be held to include a further or incidental requirement that the work be done in such manner as to be effective. To be effective, the minutes, papers and files must be placed in such condition that the city officials and the public may readily and conveniently acquire the desired information. We are advised by the agreed statement of facts that public necessity and convenience required the preparation of the index involved here. The city clerk is expressly charged with the duty of making and keeping an accurate minute of the proceedings of the council, and he is required also to perform all other duties incident to his office. When he has merely written up the proceedings of a meeting or of a number of meetings, something further remains to be done in order that such work may be effective. Public necessity and convenience require that his work be supplemented. We do not believe that the clerk

has performed his full official duty when public necessity requires that something further be done in order that what he has done, from day to day, may serve its intended purpose. The something further required to be done is the preparation of an index. By reason of his familiarity with the affairs of his office, he is certainly more competent to prepare such an index than any other person of equal capacity. Preparing such index and causing it to be printed and bound with the volume for the year, being a work which public necessity requires to be done at stated intervals, in order that the work done from day to day may be effective, it follows in our judgment that the preparation of such index is a duty incident to the office, and therefore an official duty.

An examination of General Ordinance No. 90, enacted in 1911, confirms us in such conclusion. "Duties of city clerk" is the subject of such ordinance, as gathered from its provisions. It specifically requires that the clerk shall keep an accurate journal of the proceedings of the council, and that he shall have such proceedings printed after each meeting. There are further provisions that one of such printed copies shall be presented to each member of the council within ten days after the particular meeting, and that other copies shall be kept on file to be bound at the end of the year with the proper index thereto. Such ordinance deals with clerical work, and with the work of a printer and binder. To our minds, the ordinance is not reasonably susceptible of any other construction than that by its provisions the city clerk is required to do such clerical work and to supervise the work of the printer and binder. It is certainly a reasonable construction that the person charged with the duty of having the pro-

ceedings printed is the person required to present a printed copy thereof to each member of the council, and that the person designated by law as the custodian of the papers and files pertaining to the business of the council, is the official required to keep said printed copies of the proceedings to be bound. The sole remaining clerical duty is the making of the index. Keeping in mind the subject of the ordinance, and that all other clerical work therein designated must be classed as official duties of the clerk, and his natural fitness for the work of preparing the index, it is certainly a reasonable construction of the ordinance that such work must also be classed among the official duties of the clerk. It follows that this cause must be reversed.

The judgment is reversed, with instructions to the court to sustain the motion for a new trial.

Note.—Reported in 112 N. E. 833. See under (1) 28 Cyc 452.