### 24156. MITCHELL *v.* CITY OF THOMASVILLE.

DECIDED DECEMBER 20, 1934.

*Titus & Dekle,* for plaintiff. *P. C. Andrews,* for defendant.

GUERRY, J. J. W. H. Mitchell brought this action against the City of Thomasville. It appears that he was treasurer of the City of Thomasville from August 25, 1925, until January, 1933. In his petition he contends that the city is indebted to him in the sum of $300 per year for the years 1929 to 1932 inclusive, as a reasonable compensation for clerical services and labor performed for the city and accepted by it, which amount is extra his usual compensation. The theory of the plaintiff's action is that under the act of August 15, 1925 (Ga. L. 1925, p. 1480, 1491), authorizing and empowering the City of Thomasville to enter into contracts for improvements on the city streets and the issuance of bonds against abutting

properties, he, as treasurer of the city, did actually perform additional duties, and that the act provided for the levying of an additional 1% interest upon the assessments for the defraying of expenses in connection with the bond issue, and that for the services rendered and accepted by the city he is entitled to a *reasonable* compensation (which he alleges is $300 per year).

It is first to be observed that an officer of a municipal corporation depends solely for his remuneration upon some provision by charter, statute or ordinance. In the absence of such provision he is not entitled to compensation for his services. "A right of a public officer to compensation must rest upon some provision by charter, statute or ordinance. In the absence of any such provision, he is not entitled to payment for his services." Elliott on Municipal Corp., § 188. McCumber v. Waukesha Co., 91 Wis. 441; Locke v. City of Central, 4 Colo. 65; Kinney v. United States, 60 Fed. 883. "His services are not rendered under any contractual relation. Even where compensation has been provided for, the officer has no contractual right prospectively to such compensation for the remainder of his term. It is under the control of the legislature, and in the absence of constitutional restrictions it may be increased, diminished or entirely taken away at any time." Elliott on Mun. Corp. § 188; Cooley, Const. Lim. (7th ed.), 388; Swann v. Buck, 40 Miss. 268. In the case of *Wingfield* v. *Twiggs,* 147 *Ga.* 790, the Supreme Court of this State dealt exhaustively with this question. It was there said: "A public officer takes his office cum onere, and so long as he retains it he undertakes to perform its duties for the compensation fixed, whether such duties be increased or diminished. He can not claim extra compensation for the performance of additional work within the line of his official duties, unless additional compensation is provided by competent authority." In 1 Dill. Mun. Corp. (5th ed.), 426, it is said: "It is a well settled rule that a person accepting a public office, with a fixed salary, is bound to perform the duties of the office for the salary. He can not legally claim additional compensation for the discharge of these duties, even though the salary may be a very inadequate remuneration for the services. Nor does it alter the case that by subsequent statutes or ordinances his duties within the scope of the charter powers pertaining to the office are increased, and not his salary." See also in this connection, Board

of Commissioners of Marshall County *v.* Johnson, 127 Ind. 238; Foote *v.* Lake County, 206 Ill. 185; Swann *v.* Buck, 40 Miss. 268; Palmer *v.* Mayor of N. Y., 2 Sanf. 318; Phoenix *v.* N. Y., 1 Hill 362; Wittmer *v.* N. Y., 50 N. Y. App. Div. 482; Evans *v.* Trenton, 24 N. J. L. 764; Kubel *v.* City of Detroit, 142 Mich. 38; Decatur *v.* Vermillion, 77 Ill. 315; Covington *v.* Mayberry, 72 Ky. 305; May *v.* City of Auburn, 112 Me. 143; O'Sullivan *v.* New Orleans, 49 La. Ann. 616; City of Indianapolis *v.* Lamkin, 62 Ind. App. 125; Bridges *v.* City of Sierra Madre, 27 Cal. App. 93. As was said in Buck *v.* City of Eureka, 109 Cal. 504: "It is of the last importance that any and every public officer entering upon the discharge of his duties should know once and for all that, be the duties onerous or be they easy, the compensation for them must be that fixed by law, and that only. If they become too burdensome, the law does not forbid the officer's resignation."

It appears that the act providing for the bond issue provides that "the assessments provided for and levied under the provisions of this act shall be payable by the person owning the said lots or tract of land as the several installments become due, together with the interest thereon, to the Treasurer of the City of Thomasville, who shall give proper receipts for such payments. It shall be the duty of the Treasurer to keep an accurate account of all such collections by him and such collections shall be kept in a special fund to be used and applied for the payment of such bonds and the interest thereon and expenses incurred thereon and expenses incurred thereby and for no other purposes." It would appear therefore that the duties alleged to have been performed were made expressly by the legislature a part of the duties of the treasurer of the City of Thomasville. No question certainly can arise as to the power of the legislature to prescribe such duties, and it clearly appears that any one assuming to perform the duties of this office must have done so for the compensation which was expressly provided by competent authority. The term of the treasurer of the City of Thomasville is two years, and by the act of 1902 (Ga. L. 1902, p. 640), "The salary of the Treasurer of the City of Thomasville shall be fixed by the Mayor and Alderman for the preceding year and prior to his election." No additional compensation is shown to have been provided for the work prescribed in the act of the legislature by the mayor and alderman, but, construing

the petition most strongly against the pleader, it affirmatively appears to the contrary.

The act in question did provide that the bonds issued should not bear interest higher than 6% per annum, and also that the rate of interest to be taxed by the city upon the assessments made under the act should not exceed one per cent. over and above the rate of interest stipulated in the bonds. It further appears that the city levied a tax of 7%. The act further provides, as already quoted, that it was the duty of the treasurer to keep an accurate account of these collections and to keep the entire sum so collected in a special fund "to be used and applied for the payment of such bonds and the interest thereon *and expenses incurred thereby and for no other purpose.*" Plaintiff contends that the city having levied an additional 1% interest charge, and the act providing for payment of expenses incurred by reason of the bond issue, he is entitled under this provision to compensation. To this we can not agree. It is without question that the legislature did not expressly provide in the act that the treasurer of the City of Thomasville should be paid additional salary for his extra work, while at the same time they did provide that he perform additional duties. If it had been the intention of the legislature that the services rendered by the treasurer should be considered as expenses incurred by reason of the bond issue, they should expressly have so provided. Additional compensation for public officers in doing work not formerly required is not to be allowed by implication, and, if it were, the implication in this case is that the legislature did not intend that the treasurer of the City of Thomasville should receive extra compensation for the handling of the bond issue. See Debolt *v.* Cincinnati, 70 Oh. St. 237; Bridges *v.* City of Sierra Madre, supra. From what has been said, it is apparent that we think the judgment of the trial court sustaining the general demurrer to plaintiff's petition was correct.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*