PORTER ET AL. *v.* STATE EX REL. HAYS.

[No. 26,450.   Filed June 11, 1935.]

*Noble Hays,* for appellants.

*Warren B. Allison,* for appellee.

TREMAIN, J.—This was an action of mandamus by the relator as clerk of the Circuit Court of Scott County, to require the auditor to call the county council into special session and to direct it to appropriate the sum of $600.00 to pay the salary of a deputy clerk of said Circuit Court.

It is alleged in the complaint that the relator, Mark Hays, duly prepared and filed his budget and schedule of expenses of the office of clerk of the Circuit Court, and included therein a yearly salary in the sum of $600.00 for a deputy clerk of the Circuit Court for the calendar year ending December 31, 1934; that the relator demanded an appropriation of said sum of $50.00 per month for such deputy pursuant to section 2, chapter 21, of the Acts of 1933; that said Scott county had a population of less than fifteen thousand, according to the last preceding United States census; that pursuant to said act the clerk alleged that he was entitled to such deputy without the approval of the board of county commissioners; and, therefore, he demanded a mandate against the county council compelling such appropriation.

The respondents filed a demurrer to the complaint which was overruled and judgment was rendered in favor of relator, after the respondents refused to plead further, ordering the county council to appropriate the sum of $600.00 for the payment of the annual salary of a deputy clerk of the said Circuit Court.

The errors relied upon by respondents for a reversal are as follows: (1) The court erred in overruling the separate demurrers of the respondents; (2) the court erred in rendering judgment against the respondents and in behalf of the relator upon the refusal of the respondents to plead over.

The determination of the question involved requires an interpretation of said chapter 21 of the Acts of 1933, which is an act fixing the salaries of certain county officers and providing for deputies for such officers. Section 2 of said act divides the counties of the state into three classes: First, counties having a population of fifteen thousand or less; second, counties having a popu-

lation of fifteen thousand one and not more than twenty-five thousand; and, third, counties having a population of over twenty-five thousand, all according to the last preceding United States census. The statute designates the salaries of such deputies in each of the counties falling within the above named classes. Section 2, containing said classification, is too long to be quoted in full. It provides:

> "The several public officers named herein may appoint such number of deputies and other assistants, to be paid by the county, as may in the judgment of the officer, where not limited by this act, the number being approved by the board of commissioners of the county, be necessary for the proper discharge of the duties imposed by statute upon each of the several public officers."

As to those counties having a population of less than fifteen thousand, it provides that the county officers— auditor, treasurer, clerk of the Circuit Court, sheriff, and recorder—"*may designate* and appoint one deputy" whose salary shall not be less than $50.00 per month nor more than $100.00 per month. In counties having a population of fifteen thousand one and not more than twenty-five thousand, each of the county officials "*shall be entitled* to designate and appoint one deputy," provided that in counties having two or more courts located therein, the clerk of the Circuit Court shall be allowed to appoint at least one deputy for each of said courts. The salary of the deputy in this class shall not be less than $75.00 per month nor more than $125.00 per month. In counties having a population in excess of twenty-five thousand, said officials "shall without the approval of the board of county commissioners designate and appoint one deputy and in addition thereto he shall appoint such other deputies and other assistants as may be necessary to discharge the duties imposed upon such officials. The number of such other addi-

tional deputies and assistants shall be determined by each of such county officials as hereinabove named, subject to the approval of the board of county commissioner(s), both as to full time and part time employment and said commissioners shall make recommendations to the county council as to the amount of salary that each of said deputies and assistants shall receive."

It is the contention of the relator that he is entitled to appoint one deputy without the approval of the board of county commissioners and that the county council should be mandated to make an appropriation therefor in the minimum sum of $600.00 per year. In answer to the proposition of the relator the respondents say that in counties (of which Scott is one) belonging to the first classification, the clerk is entitled to no deputy without the approval of the board of commissioners of the county; that as the complaint does not allege the approval of such board, the demurrer should have been sustained thereto.

It is a rule of statutory construction that in seeking the intent of an act, effect must be given to every word and clause therein, if it is possible to do so. Words and phrases must be given their plain, ordinary, and usual meaning, unless a contrary purpose is clearly manifested. *Snider* v. *State ex rel. Leap* (1934), 206 Ind. 474, 190 N. E. 178; *Morrison* v. *State* (1914), 181 Ind. 544, 105 N. E. 113; *State* v. *Weller* (1908), 171 Ind. 53, 85 N. E. 761.

If the interpretation of the relator should be adopted, it would, in effect, give one deputy to each of the officials named in each county of the state without the approval of the board of commissioners. This court does not believe that such interpretation is warranted nor that the legislative intent was such. The beginning of section 2 provides that the number of depu-

ties shall be approved by the board of commissioners of the county. Then follows the classification of the counties, and in classifying the larger counties with population of twenty-five thousand or more according to the last preceding United States census, the same section provides that the clerk of the Circuit Court, and other county officers, shall have the right to appoint one deputy "without the approval of the board of county commissioners," but all additional deputies in such larger counties shall be "subject to the approval of the board of county commissioners." If the legislature intended that the county officials in counties with a population of less than twenty-five thousand should have the unrestricted right to name one deputy, it certainly would have said so by language as plain as that used in reference to counties having a population of more than twenty-five thousand, wherein it is provided for the appointment of one deputy without the approval of the board of county commissioners. While the first sentence in section 2 of the act is not well constructed, yet it is clear that it was the intent to subject the number of deputies to the approval of the board of county commissioners. That limitation applies to the entire act, except as to one deputy in counties having a population of more than twenty-five thousand.

The act contains a number of paragraphs and fixes salaries of the county officers of the several counties of the state. The office of the clerk of the Circuit Court of Scott county is fixed at $1,200.00. The last preceding United States census shows the population of Scott county to be 6,664, of which the court will take judicial notice. Of the ninety-two counties in the state nineteen fall within the first class; thirty-eight in the second class, and thirty-five in the third class. It cannot be questioned that the legislature had authority to make

such classification. It is clear that it was the legislative intent to leave it to the board of county commissioners to determine whether or not in the smaller counties a deputy was required in any of the offices. It is interesting to note that the salary of the clerk of the Circuit Court in Scott county under the statute preceding chapter 21 of the Acts of 1933, was $1,000.00 per year with no mandatory requirement for the payment of a deputy. In view of the condition existing at the time of the passage of the act and a general purpose and tendency to reduce salaries, it can hardly be believed that it was the intention of the legislature to increase the salary of the clerk from $1,000.00 to $1,200.00 per year, and in addition thereto, to make it mandatory upon the county commissioners to approve and the county council to make an appropriation for the payment of such deputy in a sum of not less than $50.00 nor more than $100.00 per month.

This court, in interpreting the act of 1925, providing for pay of a deputy county treasurer, in *Applegate, County Auditor* v. *Pettijohn* (1933), 205 Ind. 122, 185 N. E. 911, held that that act provided that certain officers may appoint deputies when necessary and when required, if provision shall be made for paying such deputies for their services from the funds of the state or the county, but holding that the act there in question did not purport to confer power upon the county council to appropriate county funds for the payment of deputies; that if such appropriations are made, there must be a statute expressly authorizing the same. The reasoning there employed applies with equal force to the interpretation of the 1933 act, now under consideration, in respect to the appointment of such deputies. Before the clerk of the circuit court of Scott county can claim the right to appoint a deputy and to have an ap-

propriation made for his salary, he must show a clear and unequivocal authority to make such appointment without the approval of the board of county commissioners. This he has not done and cannot do under a fair interpretation of the act as a whole.

By giving meaning to each paragraph and provision thereof, it is clear that the legislature intended to place it within the discretion of the board of county commissioners as to whether or not a deputy should be permitted in those counties falling within the first and second classifications. Since the relator's complaint does not allege that the county commissioners had approved a deputy clerk of the Circuit Court of Scott county, the demurrer should have been sustained.

Judgment reversed.