JOE COHN *v.* STATE OF INDIANA EX REL. NESTER.

[No. 371S83. Filed August 31, 1971.]

*James E. Bath, Hartman & Bath,* of Indianapolis, for appellant.

*Michael V. Gooch, Harrison, Moberly, Wallace & Gaston,* of Indianapolis, for appellee.

GIVAN, J.—The appellee brought this action for a mandatory injunction to require the clearing of debris from the appellant's truck parts salvage yard located near the downtown area of Indianapolis. After hearing the evidence the trial court made the following finding and judgment:

Comes now the Court and the Court having heard the evidence and being duly advised in the premises and having

heretofore taken Finding and Judgment under advisement now finds for the Plaintiff and hereby mandates the Plaintiff to remove all trash, rubbish and debris which may constitute a fire hazard or menace to public health. The Defendant is restrained from interfering with the removal of such trash, rubbish and debris from the aforementioned premises by the Plaintiff or his duly authorized agents. Said premises are located at 700 Block of North Senate Ave., Indianapolis, Marion County, Indiana, and more specifically described as: 133 feet west end of Lots, 1, 3, 4, 5 and 6 Northwest one-fourth of Lot 8, Blake's Subdivision and Lots 8, 9 and 10 Southwest one-fourth of Lot 8 Blake's Subdivision.

"The Court further orders the Sheriff of Marion County to accompany the Health Officer or his duly appointed agent to said premises to make certain that during the removal of said substances the Defendant does not hinder or interfere with the Plaintiff. The Plaintiff is further ordered to bill the Defendant for all expenses connected with the aforesaid removal of substances and if said bill is not paid within 6 months from the date of billing by the Plaintiff, that the Plaintiff be ordered to certify the amount to the Auditor of Marion County and the charges be placed upon the tax duplicate pertaining to the aforesaid premises and collected as taxes are collected and that upon payment of said sum is ordered to be paid by the Auditor to the General Fund of the Health and Hospital Corporation of Marion County, Indiana. Costs versus the Defendant.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that the Plaintiff is to removes all trash, rubbish and debris which may constitute a fire hazard or menace to public health and the Defendant is restrained from interfering with the removal of such trash, rubbish and debris from the aforementioned premises by the Plaintiff or his duly authorized agents. Said premises are located at 700 block of North Senate Ave., Indianapolis, Marion County, Indiana, and more specifically described as: 133 Feet West end of Lots, 1, 3, 4, 5 and 6 Northwest one-fourth of Lot 8, Blake's Subdivision and Lots 8, 9 and 10 Southwest one-fourth of Lot 8 Blake's Sub-division.

"The Court further orders the Sheriff of Marion County to accompany the Health Officer or his duly appointed agent to said premises to make certain that during the removal of said substances the Defendant does not hinder or interfere with Plaintiff. The Plaintiff is further ordered to bill the Defendant for all expenses connected with the aforesaid re-

moval of substances and if said bill is not paid within 6 months from the date of billing by the Plaintiff, that the Plaintiff be ordered to certify the amount to the Auditor of Marion County and the charges be placed upon the tax duplicate pertaining to the aforesaid premises and collected as taxes are collected and that upon payment of said sum is ordered to be paid by the Auditor to the General Fund of the Health and Hospital Corporation of Marion County, Indiana.

"Costs versus the Defendant."

The evidence submitted by the appellee was through the testimony of Albert Klatte, who is employed by the appellee as Director of the Bureau of Environmental Sanitation.

Mr. Klatte testified that he had examined the premises in question; that the ground was littered with parts of metal and wood which created a condition favorable to the harboring of rats. He further testified as follows:

"Q. Now, do these large trucks that are parked in there, do they, in your opinion, create a rat harborage?

"A. A truck, in itself, would not—but when you have debris piled all around it and in it and such things as that, it does. It becomes a part of the overall problem. A truck, in itself, sitting out in the middle of a field, would not be a rat harborage, no sir."

Appellant points out that he had been in the truck salvage business at this location since 1924. That he, therefore, under the "grandfather clause" of the zoning ordinance has a right to continue to operate his salvage yard at the location in question. He, therefore, takes the position that the appellee has used a subterfuge to force him out of business in claiming that his lot is a harbor for rats, and that the evidence is not sufficient to sustain the finding of the trial court in this regard. With this we do not agree. There was ample evidence from which the trial court could find that the lot as maintained did in fact harbor rats which were a menace to the health of the residents of the neighborhood.

We cannot agree with the position taken by the appellant that the court order empowers the appellee to remove all of his personal property from the premises. The court order permits the appellee to remove only such trash, rubbish and debris which may constitute a fire hazard or menace to public health. It does not empower the appellee to remove appellant's trucks or any equipment for that matter which does not constitute such a hazard or menace. Under the order issued the appellant is entirely free to continue to conduct the business of a salvage yard at the location in question so long as he maintains the yard in such a fashion that the trash, rubbish and debris are removed.

This Court has previously stated that cities and towns have the power to establish reasonable regulations to protect the health of their citizens, and that these regulations are not unconstitutional merely because they may affect the use of private property. Such regulation is a reasonable use of the police power. *Spitler* v. *Town of Munster* (1938), 214 Ind. 75, 14 N. E. 2d 579.

The court order in this case merely permits the appellee to clean appellant's premises and to charge him for the work done. We do not agree with appellant's position that this empowers the appellee to put him out of business. Under the court order the appellee has no power to remove all of appellant's property; certainly, not the trucks. The trial court had ample evidence to support its judgment.

The trial court is, therefore, affirmed.

Arterburn, C.J. and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 272 N. E. 2d 452.