APPLEGATE, COUNTY AUDITOR *v.* STATE EX REL.
PETTIJOHN.

[No. 25,602.   Filed June 9, 1933.]

*Gentry, Cloe & Campbell,* for appellant.

*Shirts & Fertig,* for appellee.

FANSLER, J.—The appellee filed a verified complaint alleging that she is the deputy county treasurer of Hamilton county; that upon requisition of the county commissioners, the county council made an appropriation of $1,000.00, to be paid to her as salary as deputy treasurer, in installments of $83.33 per month; that on the first day of February she filed a claim with the auditor for one monthly installment, which was allowed by the board of county commissioners; that she demanded that the appellant draw his warrant for the amount payable to her out of the funds of the county, which he refused to do; that there are sufficient funds in the treasury to pay the amount allowed. She prayed that the appellant be ordered to issue a warrant. There was a demurrer to the complaint for want of facts upon the ground that there is no authority in the county council or in any other officer to use the funds of the county in the payment of the salary of a deputy county treasurer. The demurrer was overruled and the appellee recovered judgment. Error is predicated on the overruling of the demurrer.

Deputy county officers are more than clerks or employes. They are public officers. *Wells* v. *State of Indiana ex rel. Peden* (1911), 175 Ind. 380, 94 N. E. 321, Ann. Cas. 1913C, 86.

An officer is only entitled to the fees allowed by stat-

ute, and before an allowance ·is made to him he must point out the particular statute authorizing the allowance. *Legler* v. *Paine et al.* (1897), 147 Ind. 181, 45 N. E. 604.

The fixing of compensation for county officers is within the province of the Legislature. The salary of each county treasurer in the state is fixed by statute. Section 7831, Burns 1926.

The appellee points to section 11619, Burns 1926, as amended, Acts 1925, page 401, as authorizing an appropriation by the county council for the payment of the salary of a deputy treasurer. In its original form, as passed in 1855, this statute merely provided that the officers therein mentioned might appoint deputies. No reference to compensation was made. By the amendment of 1925 the Act was made to provide that certain officers may appoint deputies when necessary or when required "if provision shall have been made for paying such deputies for their services from the funds of the state or of the county." The Act does not purport to confer power upon the county council to appropriate county funds for the payment of deputies.

There are statutes specifically providing for the appropriation of funds and the payment of salaries to deputies of certain county officers in certain of the larger counties, but the appellee does not attempt to bring herself within any of these statutes.

Section 7846, Burns 1926, Acts 1919, page 838, provides that in counties in which the assessed valuation exceeds $100,000,000.00, the treasurer may file a claim with the board of commissioners showing that his compensation is insufficient to reasonably pay him and the deputies and clerks that the work of his office will require, and if the claim shall be supported by the petition of at least one hundred freehold-

ers asking that the allowance be made, the commissioners may allow him such a sum in addition to his salary, and not exceeding $5,000.00, as will when added to the treasurer's other compensation be sufficient to enable him to hire and pay a sufficient number of deputies and clerks to properly carry on the work of his office, and the amount so allowed shall be paid to the treasurer. This statute does not authorize an appropriation for a salary to a deputy treasurer, nor is it relied upon by appellee.

The law contemplates that the treasurer shall perform the duties of his office, and that his salary and allowances shall compensate him for that service, and that if assistance is required he shall pay the expense thereof out of his own compensation, unless there is express statutory provision for an allowance, and the statutes above referred to clearly show such a legislative interpretation of the law.

Counties are but subdivisions of the state, and county officers, including county councils, are but agents of the state. Their authority is limited to that expressly conferred on them by the Legislature. The Legislature has seldom delegated authority to fix the salaries of public officers. It has in certain instances made provision for the payment of deputies out of the public funds, and in the statute above referred to has provided for additional compensation for county treasurers out of which to pay deputies, all of which indicates a policy of retaining control of these matters in the Legislature. Doubtful language in a statute delegating authority will be construed in favor of the retention of the authority by the Legislature. *Central Union Telephone Co. et al.* v. *Indianapolis Telephone Co.* (1919), 189 Ind. 210, 126 N. E. 628.

The statute relied on, if interpreted under the rules applicable to private contracts of agency, cannot be con-

strued as authorizing the appropriation of funds for the payment of salaries. It will be noted that the statute only purports to confer authority upon certain county officers, not including county councils or boards of commissioners, to appoint deputies, and that immediately following the grant of authority are the words: "If provision shall have been made for paying such deputies for their services." If the statute were an authorization to the agent of a private corporation, it is quite clear that the words quoted would be interpreted as a limitation upon the power to appoint deputies to cases where the other agents of the corporation having power to appropriate had made provision for payment.

Section 29 of the County Council Act, which is Section 5890, Burns 1926, provides that the Act shall not be construed as authorizing the appropriation of any money to be paid out of the county treasury for any purpose whatever unless authorized by law, and that the purpose of the Act is to place limits and checks upon payments out of the treasury, and not to extend or increase them.

Section 5966, Burns 1926, provides that the Board of County Commissioners shall not, except in cases of indispensable public necessity, to be found and entered of record as part of its orders, make any allowance not specifically required by law to any county officers, either directly or indirectly, or to any clerk or deputy or employe of such officers.

To construe the quoted provisions as a grant of power to the county council to provide salaries for any and all deputies which the county officers might see fit to appoint, would be to do violence to the language of the statute and to the policy of the Legislature as manifested in all of its enactments.

Appellee urges that the Legislature has by specific

enactment made liberal provision for the payment of deputies for other county officers, and that, therefore, it cannot be supposed that the Legislature intended to hobble the treasurer of a county like Hamilton. But the fact that the Legislature has deemed it necessary to enact special legislation in order to provide deputies for the other officers indicates that there was no intention to vest discretion as to the payment of deputies in the county council.

It is contended that the appellant auditor has no interest in the subject-matter, and that he cannot be harmed personally by executing the judgment and that, therefore, the appeal should be dismissed. The appellee brought this action below and procured judgment against the appellant as sole defendant, and cannot be heard to say that the sole judgment defendant has no interest in the subject-matter of the appeal.

Judgment reversed, with instructions to sustain the appellant's demurrer to the complaint.