SPITLER *v*. TOWN OF MUNSTER ET AL.

[No. 26,924.  Filed April 28, 1938.]

*Daniel D. Lynch,* for appellant.

*M. Elliott Belshaw* and *Lawrence M. Fine,* amicus curiae.

FANSLER, J.—Appellant brought this action to enjoin the enforcement of an ordinance of the Town of Munster, defining and regulating tourist camps.

It is alleged in the complaint that the ordinance is invalid for the following reasons: (a) The provision that no person shall remain a resident of a tourist camp for a period of more than thirty days is unreasonable; (b) the ordinance attempts to define a tourist camp contrary to the definition of the legislative act of 1935, chapter 214; (c) the ordinance provides for a fine of not less than $10 nor more than $100 for each day's violation, while the act of the General Assembly provides for a fine not exceeding $25 or imprisonment in the county jail not to exceed thirty days; (d) it imposes greater restrictions on the size of sleeping rooms than are provided by the State Board of Health under the statute; (e) it is repugnant to laws of the state, particularly section 9-2402 Burns' Ann. St. 1933, section 2087 Baldwin's Ind. St. 1934, which provides that, where an act is made a public offense against the state, the same act shall not be made punishable by the ordinance of any incorporated city or town; and section 48-301 Burns' Ann. St. 1933, section 11358 Baldwin's Ind. St. 1934, which enumerates the powers of boards of trustees of incorporated towns. There were answers in general denial. There was a trial, and judgment for the defendants.

Error is assigned upon the overruling of appellant's motion for a new trial. It is asserted that the decision

is not supported by sufficient evidence and is contrary to law.

The town of Munster is in Lake County, adjoining the city of Hammond and the Illinois state line. The town is almost entirely residential in character, and the territory between the town and the city of Chicago is thickly populated. Two national highways run through the town into the city of Chicago.

Chapter 214 of the Acts of 1935 (Acts 1935, p. 1020, §§8431-1 to 8431-12 Baldwin's Supp. 1935) provides for the licensing and regulation of tourist camps. It provides that the State Board of Health shall have "general supervision" of the health and sanitary condition of all tourist camps, and the power to make and promulgate rules and regulations. It does not expressly reserve to the state the exclusive control over the regulation of tourist camps, but its terms are such as to indicate an intention to provide general rules and regulations only, such as are appropriate for camps, without regard to whether they are located in rural or urban communities.

Cities and towns have power to establish reasonable regulations for the protection of the lives, health, and property of their citizens, and to enforce compliance with such regulations by fixing penalties to be imposed upon violators of the regulations. This necessarily implies the power to require the citizen to so use his property as not to defeat such regulations and render them ineffective. Reasonable regulations are not unconstitutional merely because they affect the uses to which private property may be put. This is not a taking of private property. It is an exercise of the police power.

The town has a building and plumbing code. Such codes ordinarily vary in urban centers, depending upon

the density of population. In enacting the statute, no thought was given apparently to fire hazards. It is well recognized that cities and towns have power to establish regulations for the prevention of fire hazards, and that such regulations often have the effect of limiting the free use of property in a manner unnecessary in rural communities. Sanitary methods considered safe in rural communities might be highly dangerous to the public health in more congested centers. The town's building and plumbing code fixes requirements for places of permanent residences. Tourist camps are ordinarily considered as places of transient or temporary abode, and the requirements of this tourist camp ordinance are no doubt less than the code requirements for permanent abodes. The provision that a person shall not live in a tourist camp for more than thirty days is designed to maintain the transient character of such camps, and the penalty is only a means of enforcing the requirement. No reason is seen why the ordinance should not define a tourist camp in a manner different than that adopted by the Legislature, but, in fact, the definitions are substantially alike. The ordinance provides that sleeping rooms shall contain 500 cubic feet of space for each person housed, and this is more than is required by the state regulation, but if considerations affecting the public health, or safety, or welfare justify the fixing of a minimum amount of space per person in sleeping rooms, it cannot be said, as a matter of law, that 500 cubic feet is an unreasonable requirement. The fact that a smaller space is fixed under the statute is not conclusive. The ordinance is not repugnant to, and does not conflict with, the statute.

We find no error.

Judgment affirmed.