**Harold F. DeVAULT, Appellant (Defendant Below),**

v.

**STATE of Indiana, on the relation of Theodore L. SENDAK, Attorney General of Indiana, Appellee (Plaintiff Below).**

No. 3–881A206.

Court of Appeals of Indiana, Third District.

April 22, 1982.

Rehearing Denied June 1, 1982.

Bernard M. Tetek, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Mark J. Tidd, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

On the relation of the Attorney General, the State brought suit against Harold DeVault, a former Lake County Calumet Township Trustee, to recover $20,857.50 in wrongfully disbursed poor relief funds. After a bench trial, judgment was entered for DeVault. However, judgment was subsequently entered against DeVault after the State's motion to correct errors was granted. On appeal, DeVault raises the following issues:

    I.  Is DeVault, as Calumet Township Trustee, strictly liable for poor relief funds which his employees fraudulently misappropriated?

    II.  Was there sufficient evidence that $20,857.50 was wrongfully disbursed?

Affirmed.

## I.

### Strict Liability

Harold DeVault was the Lake County Calumet Township Trustee in 1962.

During that time, various employees of the Trustee's office wrongfully obtained township funds by presenting vendors with poor relief purchase orders fraudulently obtained from the Trustee's office. Without giving any goods, the vendor would pay the presenter half of the order's face value and receive the other half after submitting the order for payment. Although several vendors and employees of the Trustee's office were involved, the trier of fact found that DeVault neither knew nor should have known of the fraudulent purchase order scheme.

DeVault contends that since he did not participate in the fraudulent purchase order scheme and was not negligent in failing to discover it, he should not be liable for the amount of poor relief funds intentionally misappropriated by his subordinates. This contention fails since township trustees are strictly liable for their township funds.

Generally, it is the duty of the township trustee to receive and pay out all township monies according to law. Acts of 1859, ch. 133, § 6, p. 220 (Burns § 65–104, 1961 repl.) (Later recodified as IC 1971, 17–4–6–2, Burns Code Ed., now repealed. For new law see, IC 36–6–4–3, 1981 repl.). Specifically, all township trustees are "overseers" of the poor within their township and must perform all duties required by law with reference to the poor in their township, including the distribution of poor relief funds. Acts of 1935, ch. 116, § 1, p. 432 (Burns § 52–144 et seq., 1951 repl.). (Later recodified as IC 1971, 12–2–1–1 et seq., Burns Code Ed., 1981 repl.).

As the overseer of the poor, the township trustee is an insurer of his township's poor relief funds. Cf. McClelland v. State ex rel. Speer (1894), 138 Ind. 321, 328, 37 N.E. 1089. Being an insurer, he is strictly liable for all poor relief funds which are wrongfully disbursed while he is township trustee. Cf. Inglis v. State ex rel. Hughes (1878), 61 Ind. 212, 217. Therefore, DeVault is liable for the poor relief funds wrongfully disbursed.[1]

## II.
### Sufficient Evidence of Damages

■ DeVault next contends that there was insufficient evidence from which the trial court could have found that $20,857.50 was wrongfully disbursed by the Trustee's office.

The evidence involving the wrongful disbursement of poor relief funds is as follows: After examining the Trustee's records, the Indiana State Board of Accounts found that $20,857.50 worth of claims paid to one vendor were based on "questionable" purchase orders. Although "questionable" orders were not necessarily fraudulent ones, they were orders processed other than through the standard procedures expected by the State Board of Accounts. When these procedures were not followed, the examiners suspected that these poor relief orders were not properly issued. Also, the vendor who allegedly received the $20,857.50 testified that he was issued between $18,000 and $24,000 worth of fraudulent poor relief purchase orders.

Damages need not necessarily be determined with mathematical certainty. The award need only be susceptible of ascertainment in some manner other than by conjecture or speculation. Jay Clutter Custom Digging v. English (1979), Ind.App., 393 N.E.2d 230, 233. Reversal is not justified if the amount awarded is within the evidence before the court. State v. Bouras (1981), Ind.App., 423 N.E.2d 741, 746 (reh. denied). We find the evidence before the court sufficient to support the trial court's award against DeVault of $20,857.50 in damages.

Affirmed.

HOFFMAN, P. J., and GARRARD, J., concur.

---

1. DeVault also contended that the Township Trustee is not liable for poor relief funds because the money was actually paid out by the county auditor (pursuant to the Trustee's authorization). Because DeVault fails to cite any authority or otherwise make cogent argument in support of this contention, the contention is waived. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).