Raymond STEVENSON, Appellant
(Defendant and Third-Party
Plaintiff),

v.

Dale MANNERS, Carl Manners, and Kenneth Minor, Appellees (Plaintiffs and Counterclaim Defendants),

v.

Myrtle HUFFMAN, Ray Mattingly,
Appellees (Third-Party
Defendants).

No. 585S184.

Supreme Court of Indiana.

May 7, 1985.

Frank E. Spencer, Indianapolis, for appellant.

G. Terry Cutter, Indianapolis, for appellees Dale Manners, Carl Manners and Kenneth Minor.

James Brand, Greenfield, for appellee Myrtle Huffman.

Seymour Bagal, Indianapolis, for appellee Ray Mattingly.

PIVARNIK, Justice.

Petition to Transfer is sought by Raymond Stevenson, Appellant, and Defendant and Third Party Plaintiff in the trial court. The Second District Court of Appeals reversed the trial court judgment granting default judgment against Stevenson but affirmed the trial court's dismissal of Appellant's counter-claim and third-party complaint. 460 N.E.2d 1030. It is the affirmance of the trial court's dismissal of Appellant's counter-claim and third-party complaint that is raised in the transfer petition.

The issues presented to the Court of Appeals by Appellant Stevenson were that Stevenson, Defendant and Third-Party Plaintiff, appealed from a dismissal and default judgment, claiming *inter alia*, the trial court abused its discretion in denying his Motion for Relief From Judgment pursuant to Ind.R.Tr.P. 60(B). The facts showed that on July 28, 1975, Plaintiffs, also designated as Appellees and counterclaim Defendants, filed their complaint against Stevenson seeking damages and other relief arising out of a business deal that had turned sour. On May 31, 1977, Stevenson filed his answer. After considerable delay and procedural maneuvering not relevant to the issues here, the trial court on February 5, 1981, *sua sponte*, set a hearing pursuant to Ind.R.Tr.P. 41(E) for

March 9, 1981, to determine whether the case should be dismissed for failure to prosecute. Plaintiffs responded on February 11, 1981, by requesting the trial court to enter an order requiring Stevenson to answer certain deposition questions or suffer default judgment. Upon that Motion, the court, on February 17, 1981, entered an order directing Stevenson to supply the answers to the deposition questions by March 10, 1981, or suffer default. After Stephenson unsuccessfully sought to have this order set aside, he made a request for an extension of time to comply with the trial court's order. On March 6, 1981, the trial court granted Stevenson's request, giving him until March 17, 1981, to answer the deposition questions.

Three days later, March 9, 1981, the trial court made an entry in which it "agreed" with Stevenson's assumption that the extension of time to file answers resolved the issues raised by the trial court's Ind.R. Tr.P. 41(E) motion. Then, the next day, March 10, 1981, still within the period in which Stevenson had to comply with the court order to answer the deposition questions, the court entered default judgment against Stevenson, awarding Plaintiffs $3500.00, $1586.00 prejudgment interest, and a $225.00 attorney's fees sanction. The next entry in the record indicates that on that same day, March 10, 1981, Stevenson filed answers to the deposition questions. Still later, on March 16, 1981, the trial court dismissed Stevenson's third-party complaint and counter-claim. On March 27, 1981, Stevenson filed his Ind.R.Tr.P. 60(B) Motion for Relief from Judgment and Notice of Application of Ind.R.Tr.P. 59, Motion to Correct Errors, which the trial court denied. The Court of Appeals found that the unannounced judgment of default made by the trial court during the time within which it had given Stevenson to answer the deposition questions, and the court's subsequent refusal to relieve him from that default judgment on the grounds of surprise, constituted an abuse of its discretion. They further found the trial court's action to be clearly against the logic, facts, and inferences supporting the default judg-

ment, citing *Soft Water Utilities, Inc., v. LeFevre,* (1973) 261 Ind. 260, 301 N.E.2d 745; *Plough v. Farmers State Bank of Henry County,* (1982) Ind.App., 437 N.E.2d 471; *First National Bank & Trust Co., v. Coling,* (1981) Ind.App., 419 N.E.2d 1326. The cause was remanded to the trial court on this issue with instructions to set the case for hearing on the application for default judgment.

The Court of Appeals properly disposed of the issue concerning the default judgment and we adopt that part of their opinion and judgment on that issue and make it part of this opinion. We agree with Petitioner Stevenson, however, that the Court of Appeals erred in affirming the trial court's dismissal of Appellant's counterclaim and third-party complaint. Accordingly, we grant transfer and vacate that part of the Court of Appeals' opinion relating to this issue.

The sole reason given by the Court of Appeals for its finding on this issue was:

"Stevenson, followed the proper procedure in attacking the default judgment pursuant to T.R. 55(C) and T.R. 60(B). *Siebert Oxidermo, Inc., v. Shields,* (1983) Ind., 446 N.E.2d 332. However, there is nothing in Stevenson's T.R. 60(B) Motion which attacks the dismissal of his counterclaim and third-party complaint; therefore, he has waived any error in that regard. *Id.* at 338."

In short, the Court of Appeals found that the Appellee failed to raise the dismissals as error in its combination Motion for Relief From Judgment Pursuant to Trial Rule 60 and Notice of Application of Trial Rule 59 Motion To Correct Errors and thereby waived the issue. Appellee claims that allegations of error are not deemed waived when such allegations can be gleaned from the Motion to Correct Errors and Memorandum in Support thereof. Appellant relied upon *Hendrickson & Sons Motor Co., v. OSHA,* (1975) 165 Ind.App. 185, 194, 331 N.E.2d 743, 749, *reh. denied,* which held as follows:

"With respect to the assertion of the inadequacy of the motion to correct errors, we are cognizant of the requirements that the statement of claimed errors in the motion must be specific rather than general and must be accompanied by a statement of the facts and grounds upon which error is based. Ind.Rules of Procedure, Trial Rule 59(B). In determining whether the requirement of specificity has been met, the motion should be read together with its supporting memorandum. *Leist v. Auto Owners Insurance Co.* (1974) 160 Ind.App. 322, 311 N.E.2d 828; *Ind. Dept. of State Revenue v. Frank Purcell Walnut Lumber Co.* (1972) 152 Ind.App. 122, 282 N.E.2d 336. While Hendrickson's motion to correct errors is cast in general terms, we find that the supporting memorandum contains a sufficient statement of facts and grounds to be in substantial compliance with the specificity requirements of T.R. 59(B)."

Appellee argues that the allegation of error relevant to the dismissals was sufficiently set out in the motion to correct errors and memorandum in support thereof for the same to have been brought to the attention of the trial court and Court of Appeals. We agree. In Petitioner-Appellee's supporting memorandum, styled "Memorandum in Support of Motion for Relief from Judgment Due to Mistake and Surprise Pursuant to Trial Rule 60(B)(1)," Appellee alleged for instance:

"During this same period of time the Court's entry of March 10, 1981, shows that a judgment as a matter of law was entered against the Defendant and further granting prejudgment interest and attorneys fees as sanctions applied to the Defendant and ordered Plaintiff's cause against Riley Plaza Enterprise be dismissed. Also in the same March 10, 1981 entry the Court notes that the Defendant filed his Answers to Deposition Questions with supporting Affidavit. The Court then held another hearing or conference and reinstated certain provisions of Plaintiff's cause *and dismissed Defendant and cross-Plaintiff claims for continued failure to respond.* The Court having determined that the Defendant's answers were so evasive as to be no answer, all without notice to the Defendant.

This is clearly erroneous on its face. The Court, once it grants certain time periods, may not then take drastic action which cuts off the rights of the Defendant who relied upon the word of the Court." (Record at 91–92) (emphasis added).

The memorandum also stated:

"Further, on March 16, 1981, it appears that the court held another *ex parte* hearing of some sort with the counsel for the Plaintiffs and Third-Party Defendants and made a determination without giving the Defendant an opportunity to be heard or to object to any statements made by counsel. The Defendant had no prior knowledge of this hearing being held and objects to the issue of any such statements. *During this unusual hearing the court dismissed the Defendant's claims but reasserted the other party's claims.*

Surely, the court would reconsider this action and grant the Defendant a hearing in this matter and all other relief in the premises." (Record at 98) (emphasis added).

It appears clear from the record that the dismissals grew out of the trial court's grant of a default judgment in favor of Appellees, a ruling which the Court of Appeals has reversed. Also the dismissals like the default were made without notice or hearing. Under the circumstances it would appear that Appellant Stevenson's Motion to Correct Error and Supporting Memorandum were sufficient to apprise the trial court that error was being alleged relative to the dismissals.

Accordingly, we remand this cause to the trial court with instructions to set aside the dismissal of Appellant's third-party claim and counterclaim and the default judgment entered March 10, 1981 and set this cause

for a hearing on the application for default judgment. Judgment accordingly.

GIVAN, C.J., and DeBRULER and PRENTICE, JJ., concur.

HUNTER, J., not participating.