STATE of Indiana, Appellant
(Plaintiff),

v.

Barbara A. POINDEXTER,
Appellee (Defendant).

No. 91A02–8612–CV–00424.

Court of Appeals of Indiana,
Second District.

Dec. 22, 1987.

Linley E. Pearson, Atty. Gen., Thomas D. Strodtman, Steven E. Fivel, Deputy Attys. Gen., Office of Atty. Gen., Indianapolis, for appellant (plaintiff).

E. Kent Moore, Donald Clementson–Mohr, Cooke, Bache, Moore, Laszynski and Yeager, Lafayette, for appellee (defendant).

BUCHANAN, Judge.

## CASE SUMMARY

Plaintiff-appellant State of Indiana (the State) appeals the trial court's judgment in favor of Barbara A. Poindexter (Poindexter), the clerk-treasurer for the town of Wolcott, Indiana, in an action brought by the Attorney General for the recovery of misappropriated public funds, the State claiming the trial court erred in not holding Poindexter personally liable for repayment of additional compensation she paid to herself and for repayment of tax penalties and interest imposed upon the town which were paid from public funds, and that she is also personally liable in treble damages for alleged utility cash fund deficiencies.

We reverse in part and affirm in part.

## FACTS

The facts most favorable to the judgment reveal that Poindexter was the clerk-treasurer of Wolcott, Indiana from December 4, 1979 through June 30, 1982. A new Town Board was in office during her tenure, which Board had been recently elected and received no cooperation from the previous Town Board.

When Poindexter began her term, the State Board of Accounts (State Board) was under a duty to audit the clerk-treasurer's office at least once a year.[1] Shortly after taking office, Poindexter communicated with the State Board and expressed concern regarding her ability to properly maintain Wolcott's financial records because she had never held public office. Although Poindexter requested an audit, the State Board informed her that it did not have the time to conduct an audit, that she should do the best that she could, and that she should follow her predecessor's procedures. In January 1980, the Town Board president requested the State Board's assistance but he was also told that there was no time to perform an audit.

While in office, Poindexter followed the lead of her predecessor and regularly made adjustments to sewage bills after the customers complained that their monthly bill inaccurately reflected their actual sewage use. Additionally, the Town Board permitted Poindexter to supplement her $3,000 per year salary with additional compensation which was also consistent with past practice. The Town Board also authorized vacation pay and Christmas bonuses for Poindexter and permitted her to pay tax penalties and interest charges following her failure to pay Wolcott's federal withholding taxes as they became due. After Poindexter received notice of the penalties, the Town Board authorized her to pay those delinquent charges from public funds.

---

1. Ind.Code 5–11–1–9 (1979). This section has been amended and the current version deletes the yearly inspection requirement. *See* IC 5–11–1–9 (Supp.1987).

In December 1982, the State Board audited the clerk-treasurer's office and the results reflected a deficiency of $11,589.80.[2] Poindexter was charged with official misconduct,[3] a class A misdemeanor, and she entered a guilty plea on March 9, 1984, for failing to properly maintain the records in the clerk-treasurer's office.

The State then initiated the present action against Poindexter pursuant to IC 5-11-5-1[4] for the recovery of the amount of the deficiency. Following a trial by court, judgment was entered for Poindexter and the trial court issued the following order:

"ORDER

And now the Court, having heard the evidence and being duly advised in the premises, now finds as follows:

1. That Defendant, Barbara Poindexter, began her duties as Clerk–Treasurer of the Town of Wolcott, Indiana, December 4, 1979;

2. That a new Town Board was installed beginning January 1, 1980;

3. That shortly after taking office, Defendant requested help from the State Board of Accounts and was told to 'continue as your predecessor did;'

4. That in January, 1980, the President of the Town Board requested assistance from the State Board of Accounts, to no avail;

5. That Defendant did carry out her duties as Clerk–Treasurer in the same manner and fashion as her predecessor;

6. That there is no evidence or assertion by the State that Defendant received any money or funds alleged to be missing from the Water and Sewage Funds;

7. That the payment for extra help was made in the same manner as her predecessor;

8. That the fact that Defendant was not apprised of her statutory duties as prescribed by law until two and one-half (2½) years after commencing office, is the primary factor in her being unable to account for the funds the State alleges to be missing;

9. That there is no showing of fraud, malice or wilfull [sic] misconduct on the part of Defendant;

10. That a claim was filed and approved by the Town Board for all funds alleged to have been misappropriated;

11. That the Court finds the law is with the Defendant, and that Plaintiff take nothing by its Complaint.

ALL OF WHICH IS ORDERED, ADJUDGED, AND DECREED by the Court this 7th day of August, 1986.

/s/ Karl Overbeck
Karl Overbeck, Judge
White Circuit Court"

*Record* at 149–50.

ISSUES

The only issues before us are:[5]

1. Did the trial court properly conclude that Poindexter was not liable for repayment of additional salary, Christ-

nation, and secure to the state, or to the proper municipality, the recovery of any funds misappropriated, diverted, or unaccounted for."

---

2. The State Board based its deficiency findings on the following: overpayment in salary, vacation pay, Christmas bonuses, utility cash fund shortage, and tax penalties and interest.

3. IC 35–44–1–2 (1982).

4. IC 5–11–5–1 (1982) (amended 1986) provides in pertinent part:
"If any such examination discloses malfeasance, misfeasance or nonfeasance in office or of any officer or employee, a copy of such report so made, signed and verified shall be placed by the state examiner with the attorney-general, and the attorney-general thereupon shall diligently institute and prosecute such civil proceedings against such delinquent officer, or upon his official bond, or both, and against any other person, as will carry into effect the findings resulting from such exami-

5. Poindexter asserts that the alleged errors briefed by the State are waived because of its failure to raise them adequately in the motion to correct error. We reject Poindexter's argument inasmuch as the State's statement of facts and grounds to support its motion amply fulfilled the specificity requirements of Ind.Rules of Procedure, Trial Rule 59(B); *see also Stevenson v. Manners* (1985), Ind., 477 N.E.2d 847; *Hendrickson & Sons Motor Co. v. OSHA* (1975), 165 Ind.App. 185, 331 N.E.2d 743, *trans. denied; Leist v. Auto Owners Ins. Co.* (1974), 160 Ind. App. 322, 311 N.E.2d 828, *trans. denied.*

mas bonuses, and vacation pay that she paid herself while in office?

2. Is Poindexter personally liable for the repayment of tax penalties and interest charges imposed upon the town that she paid from public funds?

3. Is Poindexter personally liable for alleged public fund deficiencies due to customer utility bill adjustments she made while in office?

4. Did Poindexter's guilty plea to official misconduct for improperly maintaining Wolcott's official record books render her liable for treble damages?

### DECISION

ISSUE ONE—Did the trial court properly conclude that Poindexter was not liable for repayment of additional salary, Christmas bonuses, and vacation pay that she paid herself while in office?

PARTIES' CONTENTIONS—The State maintains that Poindexter is liable for the repayment of $4,822.58 in additional salary, vacation pay and Christmas bonuses she paid herself while in office because the Town Board failed to pass an ordinance authorizing her to receive that compensation.

Poindexter responds that she is not under a duty to repay the additional compensation because the Town Board was unaware of the ordinance requirement and it expressly authorized the payments that she paid to herself from Wolcott's public fund.

CONCLUSION—Poindexter is liable for the repayment of additional salary, vacation pay, and Christmas bonuses that she paid herself while in office.

This was a bench trial in which the judge made findings of fact and conclusions of law, so we will not set aside the findings or judgment unless clearly erroneous. *Craig v. ERA Mark Five Realtors* (1987), Ind. App., 509 N.E.2d 1144; T.R. 52(A). We will disturb the trial court's findings only if the record is devoid of facts or inferences supporting those findings. *Miller v. Indiana State Highway Dep't.* (1987), Ind. App., 507 N.E.2d 1009; *Mishawaka Brass Mfg. Inc. v. Milwaukee Valve Co.* (1983),

Ind.App., 444 N.E.2d 855, *trans. denied.* Parties asserting that a judgment is contrary to law must establish that the evidence is without conflict and leads to but one conclusion and the trier of fact reached the opposite conclusion. *Miller, supra; Indiana–Kentucky Elec. Corp. v. Green* (1985), Ind.App., 476 N.E.2d 141, *trans. denied.*

■ With these propositions in mind we turn to the pertinent statutes. Compensation for a clerk-treasurer is determined by ordinance. IC 36–5–3–2(a) (Supp.1987) provides that "[t]he town legislative body shall, *by ordinance,* fix the compensation of its own members, the *town clerk-treasurer,* and the town marshal." (Emphasis supplied). In conjunction therewith is IC 5–10–6–1 (Supp.1987) which reads in part: "[e]mployees of the political subdivisions of the state may be granted a vacation with pay, sick leave, paid holidays, and other similar benefits *by ordinance* of the common council of a city or by the controlling board of a municipally owned utility, board of county commissioners of a county, [or] *town board of a town....*" (Emphasis supplied).

It is undisputed that the Town Board failed to enact an ordinance authorizing Poindexter to be paid additional compensation. In fact, the Town Board was unaware of any ordinance requirement. *Record* at 786. Town Board member David Hall testified that:

"I find out now that our attorney should have informed us of a lot of this, but then that didn't happen so we basically went ahead with just what we were told, to proceed just like it was before. And then whenever the State Board of Accounts came in, why then we would get it all straightened out. So that's the way we proceeded. And we felt like that she was underpaid so we give [sic] her extra salary. The Christmas bonuses and this type of stuff, which again I don't consider a bonus, I feel like it was a gift, we done [sic] that on our own. *I'm sure that all the Board Members will agree that it was all agreed upon. We all*

*signed the claim forms and that type of stuff."*

*Record* at 786–87 (emphasis supplied). Although the Town Board authorized Poindexter to pay herself additional compensation, IC 36–5–3–2(a) and 5–10–6–1 were violated as no ordinance was ever enacted.

■ But, Poindexter says a public official will not always be personally liable for improperly authorized disbursements of public funds. In *State v. Newbern* (1979), Ind.App., 398 N.E.2d 683, the Anderson, Indiana Common Council approved the city controller's payment of health insurance premiums for the city's retired policemen and firemen. The Attorney General sued Newbern personally for the recovery of those premiums when it was determined that the purchase of health insurance for retired city employees violated state law. This court affirmed the trial court's grant of summary judgment for Newbern and refused to hold him personally liable for the improperly paid insurance premiums. *Id.* We concluded:

> "We decline to hold that a controller is individually strictly liable—regardless of the absence of fraud or malice or wilful misconduct or even negligence on his part—for any and all expenditures *which are after-the-fact determined to be inappropriate....* Instead, we hold that *when a controller acts in good faith, reasonably believing that he has the authority to approve expenditure of the money for the stated purpose, he will not be held individually liable for the money if the expenditure is later determined to be inappropriate."*

*Id.* at 685–86 (emphasis supplied). While Newbern may have acted in good faith in making the unauthorized disbursements, he also received no personal benefit, unlike Poindexter. We do not view *Newbern* as helpful to Poindexter not only because personal profit was involved but because Poindexter was a municipal officer and therefore entitled only to the amount of compensation specifically allowed *by law. City of East Chicago v. Seuberli* (1941), 108 Ind. App. 581, 31 N.E.2d 71. *City of Indianapolis v. Lamkin* (1916), 62 Ind.App. 125, 112

N.E. 833. An officer is required to prove the existence of an ordinance which fixes the compensation for his official services. *Applegate v. State ex rel. Pettijohn* (1933), 205 Ind. 122, 185 N.E. 911; *City of Brazil v. McBride* (1879), 69 Ind. 244. IC 36–5–3–2 and IC 5–10–6–1 clearly require the compensation of the clerk-treasurer's office to be established by local ordinance. We must therefore conclude that the trial court erred in refusing to order Poindexter to repay the additional compensation she received while in office.

ISSUE TWO—Is Poindexter personally liable for the repayment of tax penalties and interest charges imposed upon the town which she paid from public funds?

PARTIES' CONTENTIONS—The State claims that because no statutory authority exists for a local governmental unit to pay tax penalties and interest charges caused by a public official's untimely filing of returns, she is personally liable for the payment of those penalties.

Poindexter responds that the Town Board's authorization for her to pay the late charges from public funds was proper.

CONCLUSION—Poindexter is personally liable for the payment of tax penalties and interest charges assessed against Wolcott because she failed to file the returns in a timely manner.

■ In pertinent part, IC 36–5–6–6 provides that "[t]he clerk-treasurer shall: receive and care for all town monies, and pay them out only on order of the town legislative body; [and] ... perform all other duties prescribed by law." The assessment of $391.18 in tax penalties and interest against Wolcott was attributable to Poindexter's failure to file the town's tax returns in a timely manner. Poindexter acknowledged that it was her responsibility to file those returns in accordance with her official duties. *Record* at 758–59, 787. As clerk-treasurer, Poindexter is charged with knowledge of the duties of her office, and her misfeasance, malfeasance, or nonfeasance in office subjects her to personal liability. *See U.S. v. Thomas* (1872), 82

U.S. (15 Wall) 337, 21 L.Ed. 89; *see also* IC 5–11–5–1; IC 36–5–6–6.

■ Poindexter properly maintains that the lack of specific statutory authority granting a particular legislative power to a town will not necessarily preclude the town from adopting and exercising additional powers. In relevant part, IC 36–1–3–4 (1982) provides:

"(a) The rule of law that a unit has only:

(1) powers expressly granted by statute;

(2) powers necessarily or fairly implied in or incident to powers expressly granted; and

(3) powers indispensable to the declared purposes of the unit; is abrogated.

(b) *A unit has:*

(1) *all powers granted it by statute; and*

(2) *all other powers necessary or desirable in the conduct of its affairs, even though not granted by statute.*

(Emphasis supplied). However, when the legislative body of a governmental unit exercises subordinate legislative powers, some benefit must accrue to the public. *See Spitler v. Town of Munster* (1938), 214 Ind. 75, 14 N.E.2d 579. Although Poindexter relied upon the Town Board's authorizations permitting her to pay tax penalties and interest from the common fund, the citizens of Wolcott received no benefit as a result of those payments. Rather, Poindexter's nonfeasance in office demonstrated by her delinquent filing of the town's tax returns caused an unnecessary depletion of funds in Wolcott's treasury. Accordingly, the Town Board's authorization to Poindexter did not fall within the spirit and legislative intent of IC 36–1–3–4.

We cannot say that Poindexter acted in good faith under the standards set forth in *Newbern, supra.* Under the circumstances, Poindexter should have had reasonable cause to suspect that the Town Board's authorization may have been improper. Moreover, Poindexter could have prevented this unnecessary expenditure had she dili-gently performed her duties and filed the tax returns in a timely manner. Unlike the city controller in *Newbern, supra,* who had no knowledge that he was acting illegally, Poindexter knew she had negligently failed to pay in a timely fashion certain federal withholding taxes and social security taxes thereby resulting in penalties and interest being unnecessarily paid from public funds. *Record* at 759. Thus we must conclude that because the late tax penalties and interest charges were incurred because of Poindexter's nonfeasance in office, the trial court erred in not holding her personally liable for the payment of those assessments.

ISSUE THREE—Is Poindexter personally liable for alleged public fund deficiencies due to customer utility bill adjustments she made while in office?

PARTIES' CONTENTIONS—The State contends that the audit conducted by the Indiana State Board of Accounts revealing alleged cash deficiencies in Wolcott's clerk-treasurer's office rendered Poindexter personally liable for those shortages.

Poindexter responds that she is not personally liable because the State failed to prove that her improper bookkeeping methods reflected any actual cash deficiency.

CONCLUSION—Poindexter is not liable for alleged cash deficiencies resulting from her improper bookkeeping methods because the State failed to prove any actual cash shortage.

■ The State maintains that Poindexter is strictly liable for an alleged $6,376.04 utility fund cash shortage under the generally recognized principle that a public official is liable for money fraudulently misapplied, misappropriated, or lost. 63A AM. JUR.2D *Public Officers and Employees* § 390 (1984). We need not determine the degree of care Poindexter owed as clerk-treasurer because the State's evidence only reflected a lack of agreement in the figures Poindexter reported in the cash receipts journal and those which she recorded in the consumer ledger.[6] *Record* at 336, 651, 808.

---

6. The State relies upon *DeVault v. State ex rel. Sendak* (1982), Ind.App., 435 N.E.2d 37, for the

While the State Board audit results may reveal suspected malfeasance, misfeasance, or nonfeasance by a public official, those findings *in and of themselves* merely empower the attorney general to initiate civil proceedings against a public official for the recovery of those public funds. *State v. Rankin* (1973), 260 Ind. 228, 294 N.E.2d 604; IC 5–11–5–1. The State must prove that the officer's misconduct amounted to an *actual* misappropriation, misapplication or loss of that money before recovery is permitted. *See DeVault, supra.*

At trial, a State Board examiner testified that it was difficult to determine the actual utility balances because of Poindexter's numerous bookkeeping errors. *Record* at 732. Poindexter explained that the alleged shortages were due to her failure to properly post the account balances in the ledgers. *Record* at 760–61. Based upon the evidence, the trial court acted within its discretion and reasonably concluded that the State failed to prove any actual utility fund deficiency. Because this court may not reweigh the evidence, we will not disturb the trial court's finding that Poindexter's accounting irregularities failed to reveal an actual misappropriation, loss, or diversion of those funds. *See Craig, supra; Miller, supra; Indiana–Kentucky Elec. Corp., supra.*

ISSUE FOUR—Did Poindexter's guilty plea to official misconduct for improperly maintaining Wolcott's official record books render her liable for treble damages?

PARTIES' CONTENTIONS—The State contends that Poindexter's guilty plea to official misconduct for failing to properly maintain Wolcott's books of account renders her liable for treble damages.

Poindexter responds that she is not liable for treble damages because the State failed to prove that she received any funds that were allegedly missing from Wolcott's utility cash fund.

CONCLUSION—Poindexter is not liable for treble damages.

The State was bound to show that Poindexter's conduct caused a property loss in violation of IC 35–43 before it could recover treble damages, attorney fees and costs. IC 34–4–30–1 (Supp.1987) provides in pertinent part:

"If a person suffers a pecuniary loss as a result of a violation of IC 35–43, he may bring a civil action against the person who caused the loss for the following:

(1) An amount not to exceed three (3) times his actual damages.

(2) The costs of the action.

(3) A reasonable attorney's fee."

As we explained in Issue III, the State did not prove any actual cash deficiency in Wolcott's utility fund, and there was no evidence that Poindexter misappropriated any funds to her own use. Because the State failed to prove any misappropriation, Poindexter's bookkeeping errors did not constitute a violation of IC 35–43. Thus, the State could not recover under IC 34–4–30–1.

Although Poindexter pled guilty to official misconduct under IC 35–44–1–2,[7] it is clear that a guilty plea to a criminal of-

proposition that Poindexter is strictly liable. This court concluded that DeVault, a township trustee, was an insurer of his office's funds and held him strictly liable when the evidence clearly showed that other township trustee office employees had fraudulently misappropriated $20,875.50 in poor relief funds.

7. "A public servant who:
(1) knowingly or intentionally performs an act that he is forbidden by law to perform;
(2) performs an act he is not authorized by law to perform, with intent to obtain any property for himself;
(3) knowingly or intentionally solicits, accepts, or agrees to accept from his appointee or employee any property other than what he is authorized by law to accept as a condition of continued employment;
(4) knowingly or intentionally acquires, or divests himself of, a pecuniary interest in any property, transaction, or enterprise, or aids another person to do so, based on information obtained by virtue of his office that official action that has not been made public is contemplated; or
(5) knowingly or intentionally fails to deliver public records and property in his custody to his successor in office when that successor qualifies;
commits official misconduct, a Class A misdemeanor."

fense is *only evidence* of an admission which can be used in a civil action. *Cromer v. Sefton* (1984), Ind.App., 471 N.E.2d 700. As this court observed in *Dimmick v. Follis* (1953), 123 Ind.App. 701, 705, 111 N.E.2d 486, 488 *trans. denied*, "[l]ike any other admission, [a guilty plea's] probative value may be destroyed by the circumstances under which it was given or by satisfactory explanation." The trial court's order clearly demonstrates that it chose to believe Poindexter's version of the circumstances surrounding her guilty plea to official misconduct. *Record* at 149-50. Because it could properly conclude that the criminal conviction failed to demonstrate that Poindexter had converted any alleged cash deficiency to her own use, the State was not entitled to recovery under IC 34-4-30-1.

The judgment is reversed as to issues one and two and affirmed as to issues three and four.

HOFFMAN, J., concurs.

SHIELDS, P.J., concurs with separate opinion.

SHIELDS, Presiding Judge, concurring.

I concur in the majority opinion on all issues. However, as to Issue One, in my opinion the majority's unstated rationale for holding Poindexter personally liable is the unavailability of the *State v. Newbern* good faith exception to a public official who financially personally benefits from the inappropriate expenditure, *i.e.*, the public official is strictly liable. I concur in that rationale.