James KNIGHT, Appellant
(Defendant Below),

v.

STATE of Indiana, on the relation of CITY OF EAST CHICAGO, and Linley E. Pearson, Attorney General of Indiana, Appellees (Plaintiffs Below).

No. 37A03–9003–CV–107.

Court of Appeals of Indiana,
Third District.

April 22, 1991.

Terrance L. Smith, Smith & DeBonis, East Chicago, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Strodtman, Deputy Atty. Gen., Indianapolis, for appellees.

HOFFMAN, Presiding Judge.

Defendant-appellant James Knight, controller for the city of East Chicago, appeals the trial court's judgment in favor of plaintiff-appellee State of Indiana in the State's action to recover $76,276.00 in misappropriated public funds.

The facts favorable to the judgment disclose that from 1972 to 1975, Robert Pastrick, mayor of East Chicago, directed Joseph Rakowski, superintendent of the East Chicago Sanitary District, to use public funds to purchase toasters, clocks, and other gifts for distribution to the citizens of East Chicago. The supplier of the gifts, Leonard Schaller of the L. Schaller Sales Company, submitted claims to Rakowski which falsely identified the gifts as rags, cleaning supplies, cleaning equipment, and other items more in line with purchases the sanitary district would make. After signing the claim form, Rakowski would submit the claim to the Board of Commissioners of the East Chicago Sanitary District for approval. Once the Board approved the claim, Rakowski would submit the claim to the city controller's office for processing. During the four-year period, Schaller and Rakowski submitted 55 fraudulent claims, all of which were paid, totalling $76,276.00.

Appellant raises five issues for review; however, this Court finds the following issue dispositive: whether the trial court erred in finding appellant individually liable pursuant to IND. CODE § 18–1–6–11 (1976 Ed.) [1] for expenditures he approved as controller for the city of East Chicago.

1. Repealed by Acts 1982, P.L. 127, SEC. 2(b).

The instant case was a bench trial in which the trial court entered findings of fact and conclusions of law pursuant to the State's request. This Court will not set aside the trial court's findings or judgment unless clearly erroneous. *State v. Poindexter* (1987), Ind.App., 517 N.E.2d 88, 91. Findings are clearly erroneous when the record is devoid of facts or inferences supporting them. *Id.* A judgment is clearly erroneous when the findings do not support it. *Clark's Pork Farms v. Sand Livestock Sys.* (1990), Ind.App., 563 N.E.2d 1292, 1296. This Court will not reverse the trial court unless the evidence leads to but one conclusion and the trial court reached the opposite conclusion. *Poindexter* at 91.

The relevant statute, IND. CODE § 18-1-6-11, provides in pertinent part:

"Fifth. If any warrant presented to the controller contains an item for which no appropriation has been made, or there shall not be a sufficient balance of the proper fund for the payment thereof, or which, for any other cause, should not be approved, he shall not approve the same, and shall notify the proper department of the facts. And if the controller shall approve any warrant contrary to the provisions hereof, he shall be individually liable for the amount of the same to the holder thereof; and, to the extent of his bond, his sureties shall also be liable. Whenever a warrant shall be presented to him, he shall have power to require evidence that the amount claimed is justly due, and, for that purpose, may summon before him any officer, agent or employee of any department of the city, or any other person, and examine him upon oath relative to such warrant or claim. Such person so summoned shall be subject to the provisions of this act touching the examination of persons by the council, such controller having the same power as such body in relation to such examination."

Although the statute seems to impose strict liability on a controller, this Court held otherwise in *State v. Newbern* (1979), Ind.App., 398 N.E.2d 683, 685–686:

"We decline to hold that a controller is individually strictly liable—regardless of the absence of fraud or malice or willful misconduct or even negligence on his part—for any and all expenditures which are after-the-fact determined to be inappropriate. Such an imposition of potential liability would make the position of controller totally unattractive to all persons except those whose ineptness in financial matters had left them with only negligible personal assets. Instead, we hold that when a controller acts in good faith, reasonably believing that he has the authority to approve expenditure of the money for the stated purpose, he will not be held individually liable for the money if the expenditure is later determined to be inappropriate."

The 55 false claims the controller's office approved represented less than 1% of the total claims the controller's office processed from 1972 to 1975.[2] Moreover, the false claims did not reach the controller's office until after Schaller, Rakowski, and the Board of Commissioners of the East Chicago Sanitary District had certified them as legitimate. The trial court entered judgment against appellant after concluding that, due to the number of claims and the fact that multiple claims were sometimes paid on the same day, appellant did not act diligently or reasonably and in good faith. However, although State's Exhibit No. 2 shows that several warrants were drawn on the same day, there was no evidence that the claims were made on the same day, that the Board of Commissioners met each day to approve the claims, that payment of multiple claims on the same day was an unusual occurrence, or that appellant issued warrants the same day he received the claims. Furthermore, the court's finding of fact number 10 reads as follows: "That there has been no evidence introduced into this trial to indicate that the Defendant, James Knight, as city controller, acted maliciously, willfully, fraudulently or in any manner which would evi-

---

**2.** State's Exhibit No. 2 discloses warrant numbers for the false claims ranging from 35329 to 62843. The difference between the two numbers is 27,514. One percent of 27,514 is 275.14.

dence a lack of good faith in carrying out his duties as city controller." The record supports the finding, but the finding does not support the judgment; therefore, the judgment of the trial court is clearly erroneous.

The judgment of the trial court is reversed.

RUCKER and CONOVER, JJ., concur.